UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARTHUR MENALDI, Individually and on Behalf of
All Others Similarly Situated,

               Plaintiff,

      v.

OCH-ZIFF CAPITAL MANAGEMENT GROUP LLC,
DANIEL S. OCH, JOEL M. FRANK, and MICHAEL
COHEN,

               Defendants.

No. 1:14-CV-03251 (JPO)

---

**REPLY MEMORANDUM OF LAW OF DEFENDANTS OCH-ZIFF CAPITAL
MANAGEMENT GROUP LLC, DANIEL S. OCH, AND JOEL M. FRANK IN
FURTHER SUPPORT OF THEIR MOTION FOR PARTIAL RECONSIDERATION
OF THE COURT'S FEBRUARY 17, 2016 OPINION AND ORDER**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone: (212) 351-4000
Fax: (212) 351-4035

*Attorneys for Defendants Och-Ziff Capital
Management Group LLC, Daniel S. Och,
and Joel M. Frank*

April 22, 2016

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 1

    I.   Plaintiffs Do Not, And Cannot, Dispute That Och-Ziff's 2012 And 2013 Disclosures
        Made No "Projections About The Likely Impact Of Regulatory Proceedings" .............. 1

    II.  Plaintiffs Do Not, And Cannot, Dispute That An Alleged "Contrast" Between
        Och-Ziff's Disclosures On March 18, 2014 And Its Statements In 2012 And 2013
        Is Insufficient To Plead The Falsity Of The 2012 And 2013 Statements ....................... 5

    III. Plaintiffs Do Not, And Cannot, Dispute That The Court Did Not Consider
        Any Nonculpable Explanations For Defendants' Conduct ............................................ 8

CONCLUSION .................................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acito v. IMCERA Grp.*,
47 F.3d 47 (2d Cir. 1995) ...................................................................................5

*In re Bank of Am. AIG Disclosure Sec. Litig.*,
980 F. Supp. 2d 564 (S.D.N.Y. 2013) ...............................................................2, 4

*In re BioScrip, Inc. Sec. Litig.*,
95 F. Supp. 3d 711 (S.D.N.Y. 2015) ..................................................................3

*City of Pontiac Gen. Emps.' Ret. Sys. v. Wal-Mart Stores, Inc.*,
2014 WL 4823876 (W.D. Ark. Sept. 26, 2014) .................................................9

*City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*,
2015 WL 5311196 (S.D.N.Y. Sept. 11, 2015) ...............................................4, 7, 8

*Kalnit v. Eichler*,
264 F.3d 131 (2d Cir. 2001) ...............................................................................10

*In re Lions Gate Entm't Corp. Sec. Litig.*,
2016 WL 297722 (S.D.N.Y. Jan. 22, 2016) .....................................2, 3, 4, 5, 8, 10

*Lubbers v. Flagstar Bancorp., Inc.*,
2016 WL 520944 (E.D. Mich. Feb. 10, 2016) .................................................2, 4

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
135 S. Ct. 1318 (2015) .......................................................................................6, 7

*San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*,
75 F.3d 801 (2d Cir. 1996) .................................................................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ...........................................................................................8, 9

*Tongue v. Sanofi*,
2016 WL 851797 (2d Cir. Mar. 4, 2016) ..........................................................3, 6

**SEC Regulations**

17 C.F.R. § 229.303(a)(3)(ii) ...................................................................................4

17 C.F.R. § 243.100 ..................................................................................................9

## INTRODUCTION

Plaintiffs have it backwards when they criticize Defendants' motion for partial reconsideration as a "sophist's exercise in semantics."  Opp. at 6.  It would be a "sophist's exercise" to allow Plaintiffs' remaining disclosure claim to proceed past the pleading stage based on disclosures that Och-Ziff never made.  When Plaintiffs' remaining claim is considered in light of the disclosures that were actually made, it is clear that Och-Ziff did not make "misstatements about the existence and risks of regulatory proceedings."  Order at 20.  Accordingly, the Court should grant Defendants' motion and dismiss the Amended Complaint in its entirety.

## ARGUMENT

**I.    Plaintiffs Do Not, And Cannot, Dispute That Och-Ziff's 2012 And 2013 Disclosures Made No "Projections About The Likely Impact Of Regulatory Proceedings"**

Plaintiffs do not, and cannot, dispute that the Court's Order misquotes Och-Ziff's 2012 and 2013 disclosures.  Because of this error, the Court's Order is based on the mistaken premise that Och-Ziff made "projections about the likely impact of regulatory proceedings":

| Misquote | Mistaken Premise |
|---|---|
| "The statements of opinion include three slightly different versions of the sentence: 'We are not currently subject to any pending **regulatory**, administrative or arbitration proceedings that we expect to have a material impact on our results of operations or financial condition.'"  Order at 20 (emphasis added). | "Plaintiffs have plausibly alleged that Och-Ziff's projections about the likely impact of **regulatory** proceedings were based on omitted facts that, if disclosed, would have conflicted with what a reasonable investor would have taken from Och-Ziff's statements themselves."  Order at 21 (emphasis added). |

What Och-Ziff's 2012 and 2013 disclosures actually stated was that "[w]e are not currently subject to any pending **judicial**, administrative or arbitration proceedings that we expect to have a material impact on our results of operations or financial operations."  Am. Compl. ¶¶ 78, 85, 88, 91, 94, 101, 104, 107 (emphasis added).  Plaintiffs do not, and cannot, dispute that regulatory investigations do not become "judicial proceedings" or "administrative

proceedings" until a regulatory agency files a lawsuit in court or commences an administrative action.[1]  There is no allegation, nor could there be, that that the SEC-DOJ Investigation had matured into a "judicial proceeding" or "administrative proceeding" at any time in 2012 or 2013. Thus, the "projections" in Och-Ziff's 2012 and 2013 disclosures regarding "pending judicial, administrative, or arbitration proceedings" did not refer to any regulatory investigations.

Because Och-Ziff made no projections about the impact of any regulatory investigations, the Court erred in holding that "Plaintiffs have plausibly alleged that Och-Ziff misled investors by suggesting that the company was not facing an investigation that could have a material impact on its business."  Order at 20.  Plaintiffs do not seriously dispute this error.  Instead, Plaintiffs attempt to sidestep the issue by arguing that "Defendants consciously chose to speak about "regulatory scrutiny,' 'subpoenas,' and 'litigation and claims' in an inaccurate and incomplete manner."  Opp. at 9.  But Plaintiffs do not allege any facts showing that Och-Ziff's statements regarding these matters were false or misleadingly incomplete.  Nor could they:

- The SEC-DOJ Investigation commenced in 2011, and Och-Ziff's statements in 2012 and 2013 that the Company was subject to "extensive scrutiny" by regulatory agencies that "has resulted" in "regulatory agency investigations" were accurate. They were not rendered false by the failure to specifically disclose the SEC-DOJ Investigation.  *See Lions Gate*, 2016 WL 297722, at *10-11; *Lubbers v. Flagstar Bancorp., Inc.*, 2016 WL 520944, at *6 (E.D. Mich. Feb. 10, 2016); *In re Bank of Am. AIG Disclosure Sec. Litig.*, 980 F. Supp. 2d 564, 579 (S.D.N.Y. 2013).[2]

- Och-Ziff's statement that "[f]rom time to time, the Company is involved in litigation and claims incidental to the conduct of the Company's business" was not rendered

---

[1]  *See In re Lions Gate Entm't Corp. Sec. Litig.*, 2016 WL 297722, at *4, 13 (S.D.N.Y. Jan. 22, 2016); "Investigations by the SEC," *available at* https://www.sec.gov/answers/investg.htm; "Administrative Proceedings," *available at* https://www.sec.gov/litigation/admin.shtml.

[2]  Plaintiffs make no attempt to address *Flagstar* or *In re Bank of America*.  Moreover, the decision in *Lions Gate* did not turn, as Plaintiffs contend, on the issuer's disclosure of an ongoing SEC investigation.  *See* Opp. at 6, 11.  Instead, in *Lions Gate*, "the SEC issued a series of subpoenas in 2011," and the issuer did not disclose the SEC investigation until March 2014, *after* the issuer had "entered into an administrative order with the SEC [in February 2014] that resolved the SEC's investigation."  2016 WL 297722, at *4-5. Judge Koeltl held that there was no actionable misstatement or omission.  *Id.* at *10-11.

false by the failure to specifically disclose the SEC-DOJ Investigation.  There is no
allegation, nor could there be, that the SEC or DOJ commenced litigation against
Och-Ziff in 2012 or 2013, or that Och-Ziff learned in 2012 or 2013 that the SEC or
DOJ would pursue claims against it.  *See Lions Gate*, 2016 WL 297722, at *10-11
(issuer's statement that "[f]rom time to time, the Company is involved in certain
claims and legal proceedings arising in the normal course of business" was not
rendered false by failure to disclose SEC investigation prior to its resolution).

Plaintiffs argue that, even if these statements were "technically accurate," they
misleadingly presented Och-Ziff's "exposure to civil and criminal liability as routine and
unlikely to affect the Company's financial condition."  Opp. at 5.  The problem with Plaintiffs'
argument is that Och-Ziff's 2012 and 2013 disclosures are devoid of any statement that the
Company's liability from regulatory investigations would be "unlikely to affect the Company's
financial condition."[3]  Moreover, contrary to Plaintiffs' contention that Och-Ziff was required to
disclose the SEC-DOJ Investigation because it exposed the Company to liability that was not
"routine," the Second Circuit made clear in a recent decision affirming the dismissal of a
securities fraud action that there is no rule that an issuer must "disclose a risk above and beyond
the normal risks."  *Tongue v. Sanofi*, 2016 WL 851797, at *10 (2d Cir. Mar. 4, 2016).

Plaintiffs mistakenly rely on *In re BioScrip, Inc. Securities Litigation*, 95 F. Supp. 3d 711
(S.D.N.Y. 2015).  Unlike the issuer in *BioScrip*, Och-Ziff did not affirmatively misrepresent that
it was not currently the subject of a regulatory investigation.  Indeed, Plaintiffs fail to even
acknowledge the critical disclosure language at issue in *BioScrip* that renders that decision
inapposite to this case:  "There can be no assurance that we will not receive subpoenas or be
requested to produce documents in pending investigations or litigation from time to time."  *Id.* at
726.  As Judge Nathan explained in *BioScrip*:

---

[3]   Far from downplaying the potential impact of any regulatory investigation, Och-Ziff warned investors in
2012 and 2013 that "even if an investigation resulted in no action or sanction or if the sanction were small
'adverse publicity relating to the investigation, proceeding or imposition of these sanctions could harm
[its] reputation and cause [it] to lose existing investors."  Opp. at 10 (quoting Am. Compl. ¶ 26).

> [I]t is plausibly alleged that these statements were misleading because the inference is available that a reasonable investor could have read them to mean that BioScrip was not already in receipt of just such a request for information. *While the language "no assurance that we will not receive" could be read as a warning to investors that BioScrip may receive such a demand in the future, the inference is available at this stage of the proceedings that it could also be reasonably read as assuring the investor that no such threat existed at that precise moment.*

*Id.* at 727 (emphasis added). There was no such language in Och-Ziff's 2012 or 2013 disclosures. Rather, Och-Ziff stated that agency scrutiny "has resulted or may in the future result in regulatory agency investigations." Order at 6. A reasonable investor simply cannot read a statement that agency scrutiny "has resulted . . . in regulatory agency investigations" as an assurance that an investigation is not currently pending. *See Lions Gate*, 2016 WL 297722, at *10-11; *Flagstar*, 2016 WL 520944, at *6; *In re Bank of Am.*, 980 F. Supp. 2d at 579.[4]

Because Och-Ziff did not affirmatively misrepresent that it was not currently the subject of a regulatory investigation or make any projections about the likely impact of any regulatory investigations, Och-Ziff did not make any "misstatements about the existence and risks of regulatory proceedings." Order at 20. Nor did Och-Ziff violate any independent duty to disclose the SEC-DOJ Investigation. Indeed, "a government investigation, without more, does not trigger a generalized duty to disclose." *Lions Gate*, 2016 WL 297722, at *8. Plaintiffs argue that disclosure of the SEC-DOJ Investigation was required under Item 303 of Regulation S-K, *see* Opp. at 7 n.3, but make no attempt to address Judge Koeltl's holding in *Lions Gate* that "[a]n SEC investigation could not be characterized as a 'known trend' or 'uncertainty' under Item 303." 2016 WL 297722, at *14. Moreover, even if it were proper to characterize a regulatory investigation as a "known trend" or "uncertainty" under Item 303 (and it is not), Plaintiffs do not,

---

[4] Moreover, in contrast to the issuer in *BioScrip*, which stated that "the Company believes it is in substantial compliance with all laws, rules and regulations" when "the common belief amongst those most directly involved in the conduct at issue [was] that BioScrip was skirting regulatory requirements," Och-Ziff made no "legal compliance statements." 95 F. Supp. 3d at 728-30. Thus, Och-Ziff's statements were not rendered false when read "in tandem" with "legal compliance statements." Opp. at 5.

and cannot, allege facts showing that, in 2012 or 2013, Och-Ziff "reasonably expect[ed]" that the SEC-DOJ Investigation would have a "material . . . impact on net sales or revenues or income from continuing operations."  17 C.F.R. § 229.303(a)(3)(ii); *see City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, 2015 WL 5311196, at *21 (S.D.N.Y. Sept. 11, 2015) ("*MetLife II*") ("It would make little sense for the Court now to hold that MetLife violated SEC Regulation S–K, Item 303, by failing timely to disclose the existence of various state investigations into its death benefits payment practices.  To hold as much, in essence, would punish MetLife for failing to foresee something that [Plaintiff] has not shown was reasonably foreseeable.").[5]

Because Plaintiffs have not alleged an actionable misstatement or omission based on any disclosure that was actually made, Plaintiffs' remaining disclosure claim should be dismissed.

## II.  Plaintiffs Do Not, And Cannot, Dispute That An Alleged "Contrast" Between Och-Ziff's Disclosures On March 18, 2014 And Its Statements In 2012 And 2013 Is Insufficient To Plead The Falsity Of The 2012 And 2013 Statements

Plaintiffs do not, and cannot, dispute that an alleged "contrast" between a later company statement and an earlier one is insufficient to plead the falsity of the earlier statement.  *See, e.g.*, *San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 812-13 (2d Cir. 1996); *Acito v. IMCERA Grp.*, 47 F.3d 47, 53 (2d Cir. 1995).  Thus, even ignoring the Court's error in construing Och-Ziff's projections in 2012 and 2013 regarding "pending judicial, administrative, or arbitration proceedings" as though they were projections regarding regulatory investigations, it was erroneous as a matter of law for the Court to hold that an alleged "contrast" between Och-Ziff's March 18, 2014 disclosures and Och-Ziff's 2012 and 2013 projections was sufficient to plead falsity.  Order at 20.

---

[5]  Plaintiffs concede, as they must, that Item 103 of Regulation S-K did not impose a duty on Och-Ziff to disclose the SEC-DOJ Investigation as a "pending legal proceeding."  *See* Opp. at 7 n.3; *see also Lions Gate*, 2016 WL 297722, at *12-13 (rejecting argument that Item 103 of Regulation S-K imposed an independent duty to disclose an SEC investigation).

Where, as here, a plaintiff contends that a defendant's projection was misleading, the plaintiff must identify particular "facts about the inquiry the issuer did nor did not conduct or the knowledge it did or did not have – whose omission makes the opinion statement at issue misleading." *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1332 (2015). "That is no small task." *Id.* Moreover, as the Second Circuit explained in *Sanofi*, an issuer need not disclose every fact that runs counter to its projection:

> The Supreme Court noted that "[a]n opinion statement, however, is not necessarily misleading when an issuer knows, but fails to disclose, some fact cutting the other way." Plaintiffs' case essentially boils down to an allegation that the statements were misleading for failure to include a fact that would have potentially undermined Defendants' optimistic projections. But *Omnicare* imposes no such disclosure requirements on issuers. Defendants were only tasked with making statements that "fairly align[ed] with the information in the[ir] possession at the time." Defendants need not have disclosed the FDA feedback merely because it tended to cut against their projections . . . . Plaintiffs would have been interested in knowing about the FDA feedback, and perhaps would have acted otherwise had the feedback been disclosed, but *Omnicare* does not impose liability merely because an issuer failed to disclose information that ran counter to an opinion expressed in the registration statement.

2016 WL 851797, at *9 (quoting *Omnicare*, 135 S. Ct. at 1329). Thus, Plaintiffs bear the heavy burden of pleading facts showing that there was a "serious conflict" between the projections they challenge and the undisclosed facts that allegedly were known to Defendants. *Id.*

Plaintiffs do not plead any facts about the SEC-DOJ Investigation that were known to Och-Ziff in 2012 and 2013 and that contradicted the projections in its 2012 and 2013 disclosures. Instead, Plaintiffs misquote Och-Ziff's projections as referring to "pending **regulatory**, administrative, or arbitration proceedings," Opp. at 8 (emphasis added), and argue that the projections were misleading simply because "Defendants knew of the Investigations." *Id*. at 13. As Judge Kaplan explained in *MetLife II*, the mere "existence" of a regulatory investigation does not support any inference that an issuer "expected, or reasonably should have expected, that it would later incur fines or liabilities (or both) that would impact its future financial results

materially." 2015 WL 5311196, at *21.  Instead, a plaintiff must plead specific facts from the

time period at issue showing that an issuer reasonably expected to incur material fines or other

liabilities as a result of the investigation.  *Id.* at *22.[6]

Plaintiffs do not identify any contemporaneous facts from 2012 or 2013 showing that

Och-Ziff expected the SEC-DOJ Investigation to have a material impact on its financial

condition.  Instead, Plaintiffs speculate that Och-Ziff must have expected the Investigation to

have a material impact because it warned investors that, as a general matter, a regulatory

investigation can result in "negative publicity" that harms a company's reputation.  Opp. at 10.

Putting to the side that Och-Ziff made no projections about the likely impact of any regulatory

investigation, projections "rest on a weighing of competing facts," and "[a] reasonable investor

does not expect that *every* fact known to an issuer supports its opinion statement."  *Omnicare*,

135 S. Ct. at 1329.  A reasonable investor would know that a regulatory investigation may result

in "negative publicity" that harms a company's reputation, but that generalized fact, which

Plaintiffs concede that Och-Ziff disclosed, does not "seriously conflict" with Och-Ziff's

statements in 2012 and 2013 that there were no "pending judicial, administrative, or arbitration

proceedings" which it expected to have a "material impact" on its financial condition.

The February 3, 2014 article in the *Wall Street Journal*, *see* Opp. at 9, only underscores

that Och-Ziff was not aware of facts in 2012 or 2013 that were in "serious conflict" with its

projections.  Indeed, the article reported that a number of financial institutions were being

---

[6]  Plaintiffs falsely assert that the plaintiff in *MetLife II* "did not allege that the company failed to disclose
the investigations."  Opp. at 12.  In *MetLife II*, the plaintiff alleged that "state investigations into MetLife's
accounting practices began as early as 2008," but that "MetLife did not disclose their existence or possible
consequences until August 2011—a delay that [plaintiff] contends violated GAAP and SEC disclosure
rules."  2015 WL 5311196, at *3-4.  Judge Kaplan nevertheless dismissed the plaintiff's claim because it
failed to plead facts relating to pre-August 2011 events from which the court could infer that "MetLife
reasonably expected, prior to August 2011, that it would incur fines and/or liabilities . . . as a result of the
state investigations."  *Id.* at *22.

investigated and that, even as of February 2014, "[p]rosecutors and regulators haven't accused any of the companies of wrongdoing." Ex. D at 2. In its March 18, 2014 disclosure, Och-Ziff similarly stated it was unable to determine how the SEC-DOJ Investigation would be resolved, much less "what impact, if any," it would have. Am. Compl. ¶ 112. Because Plaintiffs do not plead facts showing that Och-Ziff expected in 2012 or 2013 that the SEC-DOJ Investigation would have a material impact on its financial condition, its remaining claim must be dismissed. *See Lions Gate*, 2016 WL 297722, at *10-11; *MetLife II*, 2015 WL 5311196, at *21-22.

### III.   Plaintiffs Do Not, And Cannot, Dispute That The Court Did Not Consider Any Nonculpable Explanations For Defendants' Conduct

Plaintiffs do not, and cannot, dispute that the Court was required to "consider plausible, *nonculpable* explanations for the defendant's conduct," and that scienter is only sufficiently pled "if a reasonable person would deem the inference of scienter *cogent and at least as compelling as any opposing inference* one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323-4 (2007) (emphasis added). Plaintiffs argue that the Court "applied the Supreme Court's standard for weighing competing inferences," Opp. at 15, but do not identify any nonculpable explanations for Defendants' conduct that the Court considered.

Plaintiffs contend that there is a strong inference of fraudulent intent simply because "Defendants knew beginning at least as early as 2011 that Och-Ziff was the subject of an SEC-DOJ investigation." *Id.* at 16 n.6. As Plaintiffs are forced to concede, however, "regulatory investigations may and do develop over time." *Id.* at 15. Because the views of both a regulatory agency and the subject of an investigation develop over time, Och-Ziff's statement in March 2014 that the unknown future outcome of the SEC-DOJ Investigation "could have a material effect" says nothing about the status of the SEC-DOJ Investigation in 2012 or 2013. Thus, even disregarding that Och-Ziff made no projections in 2012 or 2013 about the likely impact of any

regulatory investigations, without particularized facts showing that Och-Ziff knew or had reason to believe in 2012 or 2013 that the SEC-DOJ Investigation would result in a material adverse impact on its financial condition, Defendants' mere knowledge of the investigation does not give rise to any inference, much less a strong inference, that Defendants fraudulently "opt[ed] to misrepresent their exposure to civil and criminal liability" in 2012 and 2013.  Order at 23.

Plaintiffs contend that the only compelling inference from Och-Ziff's disclosure of the SEC-DOJ Investigation in March 2014, after it was reported by the *Wall Street Journal* in February 2014, was that Defendants sought to engage in "damage control for the 'exposure of their mishandling of the suspected corruption.'"  Opp. at 16 (quoting *City of Pontiac Gen. Emps.' Ret. Sys. v. Wal-Mart Stores, Inc.*, 2014 WL 4823876 (W.D. Ark. Sept. 26, 2014)).  But the *Wall Street Journal* article did not reveal any "corruption," much less facts showing that Och-Ziff "mishandled" any corruption.  Instead, the article reported that "[p]rosecutors and regulators haven't accused any of the companies of wrongdoing."  Ex. D at 2.[7]

Under the "inherently comparative" analysis that *Tellabs* compels, 551 U.S. at 323, the more compelling inference is that Och-Ziff believed it was under no obligation to disclose the SEC-DOJ Investigation, but concluded, upon learning that its existence had been reported publicly, that it was appropriate to provide context to the market.  Tellingly, Plaintiffs make no attempt to address the fact that Och-Ziff was obliged under Regulation FD to make the March 2014 disclosure before it could lawfully speak to its fund investors about the SEC-DOJ Investigation reported in the *Wall Street Journal*.  *See* 17 C.F.R. § 243.100.  This non-culpable explanation is far more logical and compelling than what Plaintiffs speculate.

---

[7]   *Wal-Mart* has no application here.  The issue in *Wal-Mart* was whether a company's disclosure of an internal investigation in 2012 was misleading because it failed to disclose a previous investigation in 2006 concerning the same allegations.  2014 WL 4823876, at *1, *4.  Here, there was no report concerning an internal investigation and no allegation that a prior internal investigation was "mishandled."

Moreover, because Och-Ziff made no projections in 2012 or 2013 about the likely impact of any regulatory investigations, the relevant analysis here is not whether Defendants were "reckless in opting to misrepresent their exposure to civil and criminal liability," Order at 23, but whether Och-Ziff "incurred a duty to disclose the Investigation," *id.* at 18, and, if so, whether the Och-Ziff deliberately or recklessly failed to disclose the Investigation.  An alleged omission cannot give rise to a strong inference of scienter unless a plaintiff's allegations "present facts indicating a clear duty to disclose." *Kalnit v. Eichler*, 264 F.3d 131, 144 (2d Cir. 2001).

As Judge Koeltl explained in *Lions Gate*, there is no SEC rule or regulation requiring the disclosure of an SEC investigation and "no clear case law that would require the disclosure of the SEC investigation . . . in the absence of a pre-existing duty to disclose."  2016 WL 297722, at *18.  Instead, as of the February 2013 to March 2014 time period at issue in *Lions Gate*, "[t]here was authority that supported [the company's] failure to disclose the ongoing SEC investigation." *Id.*  Plaintiffs do not cite any authority that would have put Och-Ziff on notice of a clear duty to disclose the SEC-DOJ Investigation in 2012 or 2013.[8]

Because there was no clear duty to disclose the SEC-DOJ Investigation in 2012 or 2013, "[t]he more cogent inference is that [Och-Ziff] did not specifically disclose the investigation [in 2012 or 2013] . . . because it did not believe that there was a requirement to do so." *Id.* at *18.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion for reconsideration and dismiss the Amended Complaint in its entirety.

---

[8]   Instead, Plaintiffs again attempt to rely on *BioScrip*, which postdates Och-Ziff's 2012 and 2013 disclosures.  Opp. at 19.  But, as explained in *Lions Gate*, the disclosure obligation in *BioScrip* was based on the issuer's "affirmative [mis]statement that it was not presently in the process of responding to an investigatory request."  2016 WL 297722, at *8.  Och-Ziff made no such affirmative misstatement here.

Dated:   New York, New York          Respectfully submitted,
        April 22, 2016

                                   GIBSON, DUNN & CRUTCHER LLP

                                   By:   /s/ Robert F. Serio
                                      Robert F. Serio (rserio@gibsondunn.com)
                                      Aric H. Wu (awu@gibsondunn.com)

                                   200 Park Avenue
                                   New York, NY 10166-0193

                                   *Attorneys for Defendants Och-Ziff Capital Management Group LLC, Daniel S. Och, and Joel M. Frank*

11