UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTHUR MENALDI, individually and on behalf of all others similarly situated,

Plaintiff,

-v-

OCH-ZIFF CAPITAL MANAGEMENT GROUP LLC, DANIEL S. OCH, JOEL M. FRANK, and MICHAEL COHEN,

Defendants.

14-CV-3251 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Defendants Och-Ziff Capital Management Group LLC ("Och-Ziff"), Daniel S. Och, and Joel M. Frank move for partial reconsideration of this Court's Order dated February 17, 2016, which granted in part and denied in part their motion to dismiss. (Dkt. Nos. 39-41.) In that Order, the Court (1) dismissed all claims against Defendant Michael Cohen, (2) dismissed one securities fraud claim against Och-Ziff, Och, and Frank, (3) denied the motion to dismiss another securities fraud claim against Och-Ziff, Och, and Frank, and (4) denied the motion to dismiss a control person liability claim against Och and Frank. (Dkt. No. 39.) Defendants seek reconsideration of the Order insofar as it denied the motion to dismiss claims against them.

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and quotations omitted). To prevail, the movant must demonstrate either (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice. *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81 (S.D.N.Y. 2013) (Oetken, J.) (citation

omitted); *see also Cioce v. Cty. of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003))).

Defendants present three main arguments for reconsideration.  First, they contend that the Court erroneously construed Och-Ziff's public statements regarding pending "judicial, administrative, or arbitration proceedings" as disclosures regarding "regulatory proceedings," and as a result, incorrectly held that those statements were actionable under § 10(b) of the Securities and Exchange Act of 1934 (the "Exchange Act").  (Dkt. No. 41 at 1-3.)  Second, they argue that the Court improperly relied on a contrast between earlier and later statements made by Och-Ziff in Securities and Exchange Commission ("SEC") filings.  (*Id.* at 13-17.)  Third, they assert that the Court erred in its scienter analysis by overlooking nonculpable explanations for Defendants' conduct.  (*Id.* at 18.)

None of these arguments warrants reconsideration of the Court's Order.  As to the first argument, the Court concluded that Plaintiffs had adequately pleaded that Och-Ziff's public statements—read in full and in context—misled investors about the existence and risks of an SEC investigation into Och-Ziff's investments in Africa.  (Dkt. No. 39 at 18-20.)  The distinction between "judicial, administrative, or arbitration proceedings," the phrase used in one line of a longer statement made by Och-Ziff, and "regulatory proceedings," the term used by the Court to describe the SEC investigation, does not disturb this conclusion.[1]  The Court based its analysis

---

[1] Defendants also note an error in a quotation at page twenty of the Order. (Dkt. No. 39 at 20.) That error had no effect on the Court's ultimate analysis and does not warrant reconsideration of the partial denial of Defendants' motion to dismiss.

on, *inter alia*, (1) the entirety of the statement in question, which included references to "scrutiny by regulatory agencies" and "regulatory agency investigations"; (2) the alleged factual context in which Och-Ziff's statements were made; and (3) the Second Circuit's clear instruction that "materiality is a mixed question of law and fact," which ought not be resolved on a motion to dismiss unless the alleged misstatements or omissions are "so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their importance." *ECA, Local 143 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 197 (2d Cir. 2009) (internal quotation marks and citation omitted); *see also U.S. v. Litvak*, 808 F.3d 160, 175 (2d Cir. 2015) ("Determination of materiality under the securities laws is a mixed question of law and fact that the Supreme Court has identified as especially 'well suited for jury determination.'" (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1298 (2d Cir. 1991)).

As to the second argument, the Court's conclusion did not depend, as Defendants suggest, on the contrast between earlier and later statements alone. Rather, the Court considered the full set of factual allegations, including the context and implications of all of Och-Ziff's public statements, the timing of its statements, and the relationship between Och-Ziff's statements and other factual events alleged.

Finally, as to scienter, Defendants identify no intervening change in controlling law, new evidence, or clear error in the Court's analysis. *Jacob*, 293 F.R.D. at 580-81. They appear, instead, to seek rehearing of arguments addressed in the Court's previous Order. The Court assessed scienter under the governing standard and sees no basis for reassessing or modifying its conclusions here.

Having reviewed the record and the parties' memoranda of law, and having considered all the arguments contained therein, the Court concludes that there is no basis for reconsideration of this Court's February 17 Order. Accordingly, Defendants' motion is DENIED.

The Clerk of the Court is directed to close the motion at docket number 40.

SO ORDERED.

Dated: May 6, 2016
New York, New York

J. PAUL OETKEN
United States District Judge