UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR MENALDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>v.<br><br>OCH-ZIFF CAPITAL MANAGEMENT GROUP LLC, DANIEL S. OCH, JOEL M. FRANK, and MICHAEL COHEN,<br><br>Defendants. | No.: 14-CV-03251-JPO |

**[PROPOSED] ORDER CERTIFYING THE CLASS, APPOINTING CLASS REPRESENTATIVES, AND APPOINTING CLASS COUNSEL**

The Court, having reviewed Plaintiffs' motion for class certification and all supporting and opposing papers thereon, and the Court finding that:

(a) under Rule 23(a)(1) the proposed Class is sufficiently numerous rendering joinder of all class members impracticable;

(b) under Rule 23(a)(2) there exist common questions of law and fact as to all class members, which include, *inter alia*: (i) whether Defendants violated the federal securities laws by their acts as alleged in the Complaint, (ii) whether Defendants' statements to the investing public during the Class Period misrepresented or omitted material facts about the business, operations and regulatory status, (iii) whether the Individual Defendants caused Och-Ziff to issue false and misleading financial statements during the Class Period, (iv) whether Defendants acted knowingly or

recklessly in issuing false and misleading statements, (v) whether the prices of Och-Ziff securities during the Class Period were artificially inflated because of Defendants' conduct complained of herein, and (vi) whether members of the Class have sustained damages, and if so, what is the proper measure of damages for each share of stock purchased.

(c)  under Rule 23(a)(3) the claims and defenses of the proposed class representatives are typical of the claims and defenses of all class members in that: (1) the proposed representatives purchased Och-Ziff common stock during the Class Period; (2) Defendants' statements were uniformly made to all Class Members and the material misrepresentations and omissions equally affected all Class Members; (3) Defendants' state of mind when making the false and misleading statements (*i.e.*, scienter) is not a plaintiff-specific inquiry, but applies to all Class members equally; and (4) the question of whether the market price of the Company's stock was artificially inflated during the Class Period due to the alleged misstatements and omissions involves no individualized issues;

(d) under Rule 23(a)(4) the proposed class representatives have demonstrated that each of them will fairly and adequately protect the interests of the Class;

(e)  the proposed lead counsel for the Class, Pomerantz LLP and The Rosen Law Firm, P.A., has demonstrated that it is experienced in prosecuting class actions of this nature and will adequately represent the interests of the Class;

(f) under Rule 23(b)(3) the questions of law or fact are common to the members of the class (e.g., whether Defendants have violated the federal securities laws, and if so,

the appropriate measure of damages) and predominate over any questions affecting only individual members;

(g) a class action is superior to other available methods for the fair and efficient adjudication of the controversy given the inherent similarity of each of the claims and defenses to be asserted in the action and the adequacy of the class representative; and

(h) it appearing to the Court that good cause has been shown,

IT IS HEREBY ORDERED THAT

1. The above-styled action is hereby certified as a class action as to all claims and defenses at issue in the Consolidated Amended Class Action Complaint in this action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

2. The "Class" of plaintiffs is defined as follows: All persons who purchased Och-Ziff securities between February 9, 2012 and August 22, 2014, both dates inclusive (the "Class Period");

3. Excluded from the Class are Defendants, current and former officers and directors of Och-Ziff, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

4. Lead Plaintiffs Ralph Langstadt and Julie Lemond (collectively "Plaintiffs") are appointed as the representative of the Class.

5. Pomerantz LLP and The Rosen Law Firm, P.A. are appointed as co-lead class counsel for all purposes in this action.

Dated: _____, \_\_\_\_\_ 201\_            SO ORDERED:

 

_____
HON. JOHN PAUL OETKEN
UNITED STATES DISTRICT JUDGE