UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ARTHUR MENALDI, *individually and on behalf of all others similarly situated*,

                             Plaintiffs,

                            14-CV-3251 (JPO)

           -v-

                           OPINION AND ORDER

OCH-ZIFF CAPITAL MANAGEMENT
GROUP LLC, *et al.*,

                             Defendants.
-------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

       On August 9, 2016, lead Plaintiffs Ralph Langstadt and Julie Lemond (collectively "Plaintiffs") moved, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, to certify the following Class:

> All persons other than [D]efendants who purchased Och-Ziff securities between February 9, 2012 and August 22, 2014, both dates inclusive (the "Class Period"), excluding Defendants, current and former officers and directors of Och-Ziff, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

(Dkt. No.61 at 1.)  Plaintiffs further moved that they be appointed representatives of the Class and that the law firms of Pomerantz LLP and the Rosen Law Firm, P.A. be appointed as co-lead counsel for the Class.  (*Id.*)  To date, Och-Ziff Capital Management Group, LLC ("Och-Ziff"), Daniel S. Och, and Joel M. Frank (collectively "Defendants") have not filed a response. Plaintiffs' motion is therefore deemed to be unopposed.

       Having reviewed Plaintiffs' submissions, the Court concludes that class certification is appropriate here.  Plaintiffs centrally allege that, between February 2012 and August 2014, Defendants violated the Securities Exchange Act of 1934 by misleading investors about an

1

investigation by the Securities and Exchange Commission and the Department of Justice into Och-Ziff's investments in Africa. (*See* Dkt. No. 17 ("Compl.").)  Securities claims like this one are generally suited to class action litigation. *See In re Indep. Energy Holdings PLC Sec. Litig.*, 210 F.R.D. 476, 479 (S.D.N.Y. 2002); *see also Califano v. Yamasaki*, 442 U.S. 682, 701 (1979) (noting "class relief for [securities] claims . . . is peculiarly appropriate"). Plaintiffs have made a strong showing that the same is true here.[1]

Plaintiffs' submissions make clear that this action satisfies all the requirements for class certification under Rule 23(a): numerosity, commonality, typicality, and adequacy of representation.

First, the proposed Class is sufficiently numerous, per Rule 23(a)(1), to render joinder of all members impracticable. Plaintiffs aver that, in the relevant period, Och-Ziff issued between 139.8 million and 171.7 million shares and more than 641 million shares were bought and sold. (*See* Dkt. 61 at 8.) Accordingly, Plaintiffs believe there are "many hundreds, and likely thousands, of geographically dispersed members of the proposed Class." (*Id.*)

Second, under Rule 23(a)(2), this case presents common questions of law and fact as to all members of the Class. Plaintiffs' claim involves injury caused by a common course of misconduct—the alleged "issuance of knowingly false and misleading material statements and omissions" by Defendants during the relevant period—and the law and facts at issue are thus common for each member of the putative Class. (Dkt. No. 61 at 1-2.)

---

[1] Even in the absence of such a strong showing, courts in this District have construed class certification standards especially liberally in similar securities litigation. *See In re Indep. Energy Holdings PLC Sec. Litig.*, 210 F.R.D. 476, 479 (S.D.N.Y. 2002) ("[W]hen a court is in doubt as to whether or not to certify a class action [where plaintiffs seek redress for violations of securities laws], the court should err in favor of allowing the class to go forward.").

Third, pursuant to Rule 23(a)(3), the claims and defenses of the proposed representatives of the Class are typical of the claims and defenses for all Class members.  To wit, the proposed representatives purchased Och-Ziff common stock during the relevant period and received Defendants' statements regarding the stock.  (Dkt. No. 61 at 10-11.)  Moreover, Defendants' state of mind at the time of issuance is the same with respect to the representatives as to all potential members of the Class, and the stock's alleged artificial inflation during the period applies equally to the representatives and the putative Class.  (*Id.* at 11.)

Fourth, under Rule 23(a)(4), the proposed Class representatives have sufficiently demonstrated that they will fairly and adequately protect the interests of the Class.  Further, proposed co-lead counsel have adequately shown that they have experience with similar class actions and will adequately represent the Class's interests.  (*See* Dkt. No. 62-4; Dkt. No. 62-5.)

Plaintiffs also meet the requirements for certification under Rule 23(b)(3).  As discussed above, the questions of law and fact are common to the Class.  Moreover, each member of the putative Class suffered "relatively small" losses, counseling in favor of class treatment for fairness and efficiency.  (Dkt. No. 61 at 2.)

Based on these considerations, and the absence of opposition from Defendants, IT IS HEREBY ORDERED THAT:

1. The action is certified as a class action as to all claims and defenses at issue in the Consolidated Amended Class Action Complaint pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

2. The "Class" of Plaintiffs is defined as follows: All persons who purchased Och-Ziff securities between February 9, 2012 and August 22, 2014, both dates inclusive (the "Class Period");

3. Excluded from the Class are Defendants, current and former officers and directors of Och-Ziff, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest;

4. Lead Plaintiffs Ralph Langstadt and Julie Lemond (collectively "Plaintiffs") are appointed as the representatives of the Class;

5. Pomerantz LLP and The Rosen Law Firm, P.A. are appointed as co-lead counsel for the Class for all purposes in this action.

The Clerk of Court is directed to close the motion at Docket Number 60.

SO ORDERED.

Dated: September 14, 2016
New York, New York

_____
J. PAUL OETKEN
United States District Judge