

**The Rosen Law Firm**
INVESTOR COUNSEL

Laurence Rosen
lrosen@rosenlegal.com

**VIA ECF**

October 25, 2016

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Menaldi, et al. v. Och-Ziff Capital Management Group LLC, et al.*, No. 14-CV-3251 (JPO)

Dear Judge Oetken:

Pursuant to the Court's October 14, 2016 Endorsed Stipulation and Order (the "Revised Scheduling Order") (Dkt. No. 71), I write on behalf of Lead Plaintiffs Ralph Langstadt and Julie Lemond ("Plaintiffs") to address the issue of whether document discovery should be stayed pending the resolution of the anticipated Motion to Dismiss the Second Amended Complaint. Plaintiffs respectfully submit that neither the PSLRA nor the relevant caselaw requires that document discovery be stayed under the circumstances presented here; that all practical considerations weigh against imposition of a stay; and that imposition of a stay on document discovery will prejudice Plaintiffs.

Procedural History and Discovery

On February 17, 2015 the Court issued an Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (the "Complaint"). The Court found that Plaintiffs properly alleged 10(b) claims against Och-Ziff, its CEO Daniel Och and its CFO Joel Frank arising from their failure to disclose the existence of ongoing civil and criminal investigations by the SEC and DOJ (the "Investigation") concerning potential violations of the Foreign Corrupt Practices Act ("FCPA") related to the Company's business dealings in Africa: "the Court concludes that Plaintiffs have adequately alleged that Och-Ziff made actionable misstatements about the existence and risk of regulatory proceedings. Plaintiffs have plausibly alleged that Och-Ziff misled its investors by suggesting that the company was not facing an investigation that could have a material impact on its business, when in fact, it was facing such an investigation." Dkt. No. 39 at 20.

Discovery commenced thereafter, and both parties propounded and responded to document requests, on June 7, 2015 and July 15, 2016, respectively. Following several unsuccessful meet-and-confers concerning the scope of appropriate document production by Defendants, on September 27, 2016, Plaintiffs requested a conference with the Court to resolve several ongoing discovery disputes. (Dkt. No. 68). Defendants filed a letter response on September 30, 2016. (Dkt. No. 69). The Court has not yet scheduled a conference or issued an order resolving the disputes.

On September 30, 2016, Defendants produced documents in the case for the first time, consisting of a production of 128 pages. On October 7, 2016, Defendants produced an additional 5,130 pages.

On September 29, 2016, Och-Ziff resolved the long-running Investigation, agreeing to pay a total of $412 million in financial penalties. Och-Ziff entered into a Deferred Prosecution Agreement with the DOJ, and Och-Ziff's subsidiary, Africa Management GP LLC, pled guilty to one count of conspiracy to violate the FCPA. Both the SEC Order and the Deferred Prosecution Agreement describe in detail Och-Ziff's FCPA violations, including misconduct by Joel and Frank. Given this development, Plaintiffs informed Defendants of their intention to file a Second Amended Complaint. As set forth in the Revised Scheduling Order, Plaintiffs will file the Second Amended Complaint ("SAC") by November 17, 2016, and Defendants' anticipated motion to dismiss the SAC will be fully briefed by February 8, 2017. (Dkt. No. 71, ¶¶ 2-5). In addition, the Parties have agreed that there will be no depositions of fact witnesses during the pendency of the motion to dismiss. (*Id*. at ¶ 9).

The PSLRA and Relevant Caselaw

The Private Securities Litigation Reform Act of 1995 ("PSLRA") was enacted by Congress to redress certain perceived abuses in securities litigation, including utilization of the discovery process to coerce settlement. Accordingly, to prevent unnecessary imposition of discovery costs, the PSLRA contains a provision for a mandatory stay of discovery. 15 U.S.C. § 77z–1(b)(1) and § 78u–4(b)(3)(B). Under these provisions, "unless exceptional circumstances are present, discovery in securities actions is permitted only after the court has sustained the legal sufficiency of the complaint." *Vacold LLC v. Cerami,* No. 00 Civ. 4024 (AGS), 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001). The "automatic stay" of discovery pending the Court's sustaining a complaint exists for "the protection of the defendants in [securities fraud class actions] from being subjected to extortionate demands for settlement on behalf of class plaintiffs simply because of the high costs associated with discovery in these cases; protection of the corporate defendants from federal judges' reluctance to impose Rule 11 sanctions in frivolous lawsuits; and protection of the corporate defendants from plaintiffs' counsel 'discovering' their way into facts which could allow them to amend an initially frivolous complaint so as to state a claim." *Tobias Holdings, Inc. v. Bank United Corp.,* 177 F. Supp. 2d 162, 165–66 (S.D.N.Y. 2001).

Because Congress intended to protect defendants from discovery until the court has upheld the complaint's sufficiency, the PSLRA's application to successive motions to dismiss (where the Court has already sustained the complaint's sufficiency) is uncertain. The Second Circuit has not ruled on the issue. *See Taft v. Ackermans,* No. 02 Civ. 7951(PKL), 2005 WL 850916, at *4 (S.D.N.Y. Apr. 13, 2005) ("[T]he Second Circuit has yet to provide the district courts with guidance regarding the PSLRA's discovery stay provision). Several district courts,

2

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202 - 3827

including this Court, have held that the provision is ambiguous. *E.g.*, *In re Global Crossing, Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 352 (S.D.N.Y. 2004) ("The statute does not specify how the stay is to be applied in cases involving multiple defendants bringing multiple motions to dismiss"); *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106 (D. Mass. 2002) ("No court has resolved the textual ambiguity in this scenario where a federal court has had the opportunity to triage the core allegations of securities fraud and determined that they pass PSLRA muster.").

While decisions addressing the issue in this district are split, the rulings are highly fact-dependent. The PSLRA's legislative history and the text of the PSLRA itself make clear that Congress sought to protect defendants from discovery *only until the court has sustained the sufficiency of the complaint*. Once the extraordinarily high pleading standards imposed by the PSLRA are satisfied, and a complaint adequately alleges that a defendant has committed securities fraud, the policy objectives of the PSLRA have been met.

Indeed, in deciding whether the PSLRA discovery stay should apply to successive motions to dismiss, courts are most concerned with whether the application of the automatic stay will further the policies of the PSLRA, or whether, on the other hand, the PSLRA's policies are not implicated and therefore an automatic stay is unnecessary. *See, e.g.*, *Seippel v. Sidley, Austin, Brown & Wood LLP*, No. 03 Civ. 6942 (SAS), 2005 WL 388561, at *3–4 (S.D.N.Y. Feb. 17, 2005) ("The policies behind the PSLRA's discovery stay provisions do not apply here. The PSLRA stay is intended to prevent defendants from being forced to bear the expense of discovery until after a court has assessed the sufficiency of the complaint. I have already assessed the sufficiency of the Seippels' remaining state law claims, and sustained them."); *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 108–09 (D. Mass. 2002) ("I conclude that allowing limited discovery to proceed against the four senior officers is consistent with the intent of the stay provision. Neither of the perceived abuses addressed by Congress is present in this situation. Since the plaintiffs' complaint has easily survived four defendants' motion to dismiss, discovery against those defendants cannot be deemed merely a 'fishing expedition' to find a sustainable claim. Nor can discovery against those defendants be an attempt to force 'innocent parties to settle frivolous class actions.'") *quoting* S.Rep. No. 104–98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693.

In a well-reasoned opinion by this Court, Judge Lynch rejected defendants' contention "that the mere filing of ***any*** motion to dismiss, 'successive or otherwise' automatically renews the [PSLRA's] statutory stay." *In re Salomon Analyst Litig.*, 373 F. Supp. 2d 252, 254-56 (citation omitted). Judge Lynch reasoned that the defendants' argument:

> ha[d] troubling implications. The purpose of the statutory stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until 'after the Court has sustained the legal sufficiency of the complaint.' In a case where the court already ***has*** sustained the legal sufficiency of the complaint, this purpose has been served. To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse. Some judicial discretion to evaluate the desirability of a renewed stay appears to be necessary.

*Id*. at 254-55 (emphasis in original, quoting S. Rep. No. 104-98 at 14 (1995), 1995 U.S.C.C.A.N. 679, 693).

3

In addition, Judge Lynch noted that "none of the cases cited by defendants come close to addressing their claim that the PSLRA stay automatically applies to a successive motion to dismiss filed after a court has already sustained the validity of all or part of a complaint." *Id*. at 256.

Document Discovery Should Not Be Stayed

Given the underlying policies of the PSLRA, there is no reason to stay document discovery pending the outcome of Defendants' anticipated motion to dismiss the SAC. As the Supreme Court has recognized, the PSLRA was intended to "curb frivolous, lawyer-driven litigation, *while preserving investors' ability to recover on meritorious claims*." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added). Here, the Court already has sustained the allegations in the Complaint, and discovery is well underway. Regardless of whether Plaintiffs' anticipated SAC contains new claims or allegations or additional bases for liability, Defendants still will have to produce the documents demanded by Plaintiffs' pending requests, which are all directed towards proving adequately-alleged claims that Defendants violated federal securities laws. If additional claims or allegations contained in the SAC survive dismissal, Plaintiffs can and will propound targeted document requests, which need not overlap with the existing requests.

Likewise, Defendants should not be allowed to further delay the production of documents relevant to the claims the Court deemed meritorious over eight months ago based on either the text of the PSLRA or existing precedent. As an initial matter, the PSLRA's language that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" should not be interpreted to halt *all* discovery when *any* motion to dismiss is pending. As the Supreme Court explained, a single phrase in a statute cannot be looked at in isolation: "Over and over again we have stressed that 'in expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." *United States Nat'l Bank of Oregon v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993) (quoting *United States v. Heirs of Boidsore*, 49 U.S. 113, 122 (1849), noting that this language has been "quoted in more than a dozen cases").[1]

Cases staying discovery pending resolution of subsequent motions to dismiss are distinguishable from the instant case. For example, in *Sedona Corp. v. Ladenburg Thalmann*, No. 03 Civ. 3120 (LTSTHK), 2005 WL 2647945 (S.D.N.Y. Oct. 14, 2005) (M.J. Katz), a PSLRA discovery stay was imposed where the court expressed concern that plaintiffs only propounded requests *after* being granted leave to amend and *solely* to aid in repleading certain claims, which the court had already deemed deficient. 2005 WL 264795 at *1. In contrast, Plaintiffs in this case propounded document requests months ago in connection with sustained claims, and discovery related to those claims is already underway. Thus, the reasons typically cited for imposing a PSLRA stay do not apply, and indeed, would serve no purpose here other

---

[1] Defendants will also likely point to *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583 (WHP), 2012 WL 1438241 (S.D.N.Y. Apr. 25, 2012) to support the argument that the PSLRA discovery stay language should be interpreted literally. But the facts of that case are drastically different. There, discovery commenced after the court sustained the complaint but then reinstituted the discovery stay when plaintiff disclosed that he essentially had no standing. at *1. Therefore, it was not certain whether the anticipated amended complaint would result in the court sustaining *any* of the claims.

4

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

than to prejudice Plaintiffs by causing unnecessary delays and impeding prosecution of this litigation.

Moreover, this is not a case where Defendants' anticipated motion to dismiss might result in a dismissal of the claims that the Court has already sustained. *Cf. In re Southern Pacific Funding Corp. Sec. Litig.,* 83 F.Supp.2d 1172 (D. Or. 1999) (discovery stayed pending briefing on amended complaint where intervening appellate decision affected court's prior holding and induced plaintiffs to amend). Rather, in light of the dramatic and continuing revelations following Och Ziff's settlement with the SEC and DOJ and the guilty plea of an Och Ziff subsidiary, the anticipated amended pleading provides new allegations that bolster and expand the existing bases for liability.

Defendants have represented that they will complete their production of documents relevant to the FAC by November 1, 2016. *See* Ex. A at page 9, ¶24. Having these documents produced now as planned will substantially shorten the time to prepare for trial, because it will allow Plaintiffs to begin their document review immediately rather than waiting and prolonging this review until after the anticipated motion to dismiss is resolved. Given that these documents relate to sustained claims, Defendants will bear the same costs of discovery associated with Plaintiffs' existing document requests regardless of whether the Court sustains any additional claims brought by Plaintiffs in the SAC.

Additionally, the parties have agreed that no depositions will take place pending the resolution of Defendants' anticipated motion to dismiss, so that no witness will have to be deposed more than once.

Plaintiffs respectfully submit that the Court should exercise its discretion in finding that the PSLRA stay does not apply. Discovery in this case has already been delayed by Defendants' failure to produce documents on a timely basis. *See* Dkt. No. 68 p.1-2. The longer this delay continues, the greater the likelihood of prejudice to Plaintiffs as documents are misplaced or destroyed.

Accordingly, Plaintiffs respectfully request that document discovery continue without interruption and that the Court resolve the pending discovery disputes between the Parties.

Respectfully submitted,

*/s/ Laurence Rosen*

Laurence Rosen


cc: All Counsel of Record (via ECF)

5

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827