# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR MENALDI, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff(s),<br><br>  -against-<br><br>OCH-ZIFF CAPITAL MANAGEMENT GROUP LLC, DANIEL S. OCH, and JOEL M. FRANK,<br><br>            Defendants. | Civil Action No. 14 Civ. 3251 (JPO)<br><br>**STIPULATION OF SETTLEMENT** |

This Stipulation of Settlement (the "Stipulation"), dated October 1, 2018, is made and entered into by and among (i) the Court-appointed Lead Plaintiffs Ralph Langstadt ("Langstadt") and Julie Lemond ("Lemond") (collectively, "Lead Plaintiffs" or "Class Plaintiffs"), on behalf of themselves and each proposed Settlement Class Member; and (ii) Defendants Och-Ziff Capital Management Group LLC ("OZM" or the "Company"), Daniel S. Och ("Och"), and Joel M. Frank ("Frank") (collectively, "Defendants"), by and through their respective counsel of record in the above-captioned action (the "Action").  The parties to this Stipulation shall collectively be referred to herein as the "Parties."  This Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Plaintiffs' Claims (as the term is defined below), upon the terms and subject to the conditions hereof, and subject to the approval of the Court**.**

## A.    Recitals

WHEREAS the initial complaint in this Action was filed on filed on May 5, 2014, asserting securities fraud claims under Sections 10(b) and 20(a) of the Securities Exchange Act

of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), 15 U.S.C. § 78t(a), and Rule 10b-5 promulgated thereunder (17 C.F.R. 240.10b-5) (Dkt. #1);

WHEREAS, on September 24, 2014, the Court appointed Langstadt and Lemond as Lead Plaintiffs and approved Pomerantz LLP and The Rosen Firm, P.A. as Co-Lead Counsel for Lead Plaintiffs (Dkt. #16);

WHEREAS Plaintiffs filed their Consolidated Amended Class Action Complaint (the "CAC") on November 24, 2014 (Dkt. #17);

WHEREAS, on March 16, 2015, Defendants moved to dismiss the CAC on a number of grounds, including that it failed to adequately plead falsity and scienter (Dkt. ##23-27);

WHEREAS, on February 17, 2016, the Court granted in part and denied in part Defendants' motion to dismiss (Dkt. #39), dismissing Plaintiffs' claims that Defendants made misstatements and omissions relating to alleged violations of the Foreign Corrupt Practices Act and other laws, dismissing Plaintiffs' claim that Defendants engaged in a fraudulent scheme to deceive the investing public, dismissing Michael Cohen from the Action, but holding that the CAC adequately alleged that OZM made actionable misstatements about the existence and risks of regulatory proceedings (Dkt #39);

WHEREAS, on March 2, 2016, Defendants moved for partial reconsideration of the February 17, 2016 Order (Dkt. #40), which the Court denied on May 27, 2016 (Dkt. #43);

WHEREAS, on July 11, 2016, the Parties participated in a mediation session before Hon. Layn Phillips (Ret.), an experienced mediator, but did not resolve the Parties' dispute;

WHEREAS, on August 9, 2016, Lead Plaintiffs moved for certification of a class comprised of all persons other than Defendants who purchased OZM securities between February 9, 2012 and August 22, 2014, both dates inclusive (Dkt. #60);

WHEREAS, on October 14, 2016, the Court entered with modification a stipulated proposed order (Dkt. #71) under which Defendants consented to  Plaintiffs' filing of a Second Amended Complaint (the "SAC"), without waiving and expressly reserving Defendants' rights to move against any amended pleading filed in the case, and the parties agreed upon a briefing schedule for Defendants' anticipated motion to dismiss the Second Amended Complaint;

WHEREAS Plaintiffs filed the SAC on November 18, 2016 (Dkt. #76);

WHEREAS, on January 7, 2017, Plaintiffs filed a motion for leave to renew claims against Michael Cohen (Dkt. #86);

WHEREAS, on January 11, 2017, Defendants OZM, Och, and Frank moved to dismiss those portions of the SAC that sought to revive previously dismissed claims or assert new claims (Dkt. #96);

WHEREAS, on September 29, 2017, the Court (i) granted the motions filed by Defendants OZM, Och, and Frank to dismiss the previously dismissed claims and any newly asserted claims; and (ii) denied Plaintiffs' motion for leave to renew claims against Michael Cohen (Dkt. #136);

WHEREAS, on November 10, 2017, Defendants OZM, Och, and Frank filed their Answers to the SAC (Dkt. ##139, 140, 145), OZM filed its opposition to Lead Plaintiffs' motion for class certification (Dkt. ##141-44), and Och and Frank filed letters to the Court advising that they were joining in OZM's opposition brief (Dkt. ##141, 142);

WHEREAS, Lead Plaintiffs thereafter completed discovery from Defendants' class certification expert and filed reply papers in further support of their motion for class certification (Dkt. ##152-53);

WHEREAS, on June 4, 2018, the Parties completed fact discovery, which included extensive document and deposition discovery on the merits;

WHEREAS, on June 8, 2018, the Parties participated in a second mediation session before Hon. Layn Phillips (Ret.), but did not resolve the Parties' dispute;

WHEREAS, following the June 8, 2018 mediation session,  the Parties continued settlement discussions through the mediator;

WHEREAS, on September 14, 2018, the Court granted Plaintiffs' motion for class certification,  certifying a class of plaintiffs consisting of all persons (other than Defendants) who purchased OZM securities between February 9, 2012 and August 22, 2014, inclusive; appointing Langstadt and Lemond as lead plaintiffs and approving Pomerantz LLP and the Rosen Law Firm, P.A. as class counsel (Dkt.  # 186).

WHEREAS the Parties have accepted a mediator's proposal to settle the Action;

WHEREAS Class Plaintiffs Langstadt and Lemond believe that the claims asserted in the Action have merit and that the evidence of the underlying events and transactions alleged in the Complaint, CAC, and/or SAC, developed through discovery to date, support their claims. Additionally, Pomerantz LLP and The Rosen Firm, P.A. ("Class Counsel") has researched the applicable law with respect to the claims asserted in the Action and believe that they could successfully refute any defenses raised by Defendants.  Nonetheless, Class Plaintiffs and Class Counsel recognize and acknowledge the expense and length of continued prosecution of the Action against Defendants through trial and any subsequent appeals.  Class Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, including risk of collecting upon a judgment, and believe that it is desirable that the settlement as set forth in this Stipulation confers substantial benefits upon the Settlement Class (as the term is defined

below).  Based on their evaluation, Class Plaintiffs and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation;

WHEREAS Defendants deny all allegations of wrongdoing or liability whatsoever arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action and believe the Plaintiffs could not prove their claims or refute Defendants' defenses, but recognize the burden, inconvenience, expense, and uncertainty inherent in any litigation, and enter into this Stipulation to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation and secure releases to the fullest extent permitted by law; and.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED between Class Plaintiffs and Defendants, acting by and through their respective undersigned counsel, without any admission or concession on the part of Class Plaintiffs regarding any lack of merit of the claims in this Action, and without any admission or concession on the part of Defendants of any liability or wrongdoing or lack of merit of their defenses in this Action, and subject to the approval of the Court, that the Action and the Released Claims (defined below) shall be fully, finally, and forever settled, compromised, released, discharged, and dismissed with prejudice, in the manner and upon the terms and conditions hereafter set forth.

### B.        Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1        "Action" means the action captioned *Menaldi v. Och-Ziff Capital Management Group LLC, et al.*, Civil Action No. 14 Civ. 3251 (JPO) (S.D.N.Y.).

1.2     "Authorized Claimant" means any member of the Settlement Class who is a Claimant (as defined in ¶ 1.3) and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.3     "Barred Claims" means claims for contribution or indemnity (whether contractual or otherwise), however denominated, arising out of, based upon or related to the claims and allegations asserted in the Action (or any other claims where the alleged injury to the entity/individual is the entity's/individual's actual or threatened liability to any Settlement Class Member), whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or discharged, satisfied or unsatisfied, and/or enforceable or unenforceable.

1.4     "Business Day" means any day except a Saturday, Sunday, or "Legal Holiday" (as that term is defined in Rule 6(a)(6) of the Federal Rules of Civil Procedure).

1.5     "Claimant" means any Settlement Class Member (as defined in ¶ 1.36) who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.6     "Claims Administrator" means the firm of Strategic Claims Services,                    , which shall administer the Settlement.

1.7     "Class A Shares" means the OZM Class A Shares, representing Class A limited liability company interests of Och-Ziff Capital Management Group LLC, that are publicly traded and listed on the New York Stock Exchange.

1.8     "Class Notice and Administration Escrow Fund" means the funds deposited into the Class Notice and Administration Fund Escrow Account and any interest or income earned thereon.

1.9     "Class Notice and Administration Fund Escrow Account" means an interest bearing escrow account established by the Claims Administrator to receive funds pursuant to ¶ 2.2.

1.10    "Court" means the United States District Court, Southern District of New York.

1.11    "Defendants" means OZM, Och, and Frank.

1.12    "Defendants' Counsel" means the law firms of Gibson, Dunn & Crutcher LLP, Covington & Burling LLP, and Orrick, Herrington & Sutcliffe LLP.

1.13    "Defendants' Released Parties" shall mean each and every past and current Defendant in the Action and, whether or not identified in any complaint filed in the Action, each past and current Defendant's respective families, associates, affiliates, and each and all of their past or present directors, officers, employees, partners, member firms or affiliates, principals, agents, predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, accountants, insurers, co-insurers and reinsurers, assigns, spouses, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which Defendants have a controlling interest or which is related to or affiliated with Defendants, their associates, any related or affiliated entities, or any members of their immediate families, or any trusts for which any of them are trustees, settlors, or beneficiaries.

1.14    "Escrow Accounts" mean, collectively, the Class Notice and Administration Fund Escrow Account and the Settlement Fund Escrow Account.

1.15    "Escrow Agent" means Huntington National Bank.

1.16    "Exchange Act" means the Securities Exchange Act of 1934, as amended.

1.17    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.1 of the Stipulation have been met and have occurred.

1.18    "Final" means (1) the Court has entered a Judgment approving the Settlement in all material respects, including but not limited to, *inter alia,* (a) certifying a Class for settlement purposes only, (b) approving the scope of the releases, and (c) directing the Clerk of the Court to enter final judgment substantially in the form set forth in Exhibit B; and (2) the Judgment has been affirmed in all respects on any appeal or review and is no longer subject to further appeal or review.  Provided, however, and notwithstanding any provision to the contrary in this Settlement, "Final" shall not include (and the Settlement is expressly not conditioned upon) the Court's approval of (i) the Plan of Allocation, (ii) attorneys' fees and the reimbursement of expenses sought by Class Counsel, (iii) the approval of payment of a Compensatory Award for the time and expenses expended by Class Plaintiffs, or (iv) any appeals related solely to any of the matters set forth in the foregoing clauses (i) through (iii) of this paragraph.

1.19    "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action.

1.20    "Lead Counsel," "Plaintiffs' Counsel," or "Class Counsel" means the Court-appointed Counsel:  Pomerantz LLP and The Rosen Law Firm, P.A.

1.21    "Notice" means the Notice Of Proposed Settlement Of Class Action, Motion For Attorneys' Fees And Expenses, And Final Approval Hearing, which is to be sent to members of the Class substantially in the form attached hereto as <u>Exhibit 1</u> to Exhibit A.

1.22    "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit A.

1.23    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.24    "Plaintiffs" mean all Settlement Class Members.

1.25    "Plaintiffs' Released Parties" shall mean Langstadt and Lemond and, whether or not they were named or appeared in the Action, their respective families, associates, affiliates, and each and all of their respective past, present employees, attorneys, accountants, insurers, co-insurers and reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which Langstadt and Lemond have a controlling interest or which is related to or affiliated with Langstadt and Lemond and any other representatives of any of these Persons or entities.

1.26    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and Defendants shall have no responsibility or liability with respect thereto.

1.27    "Proof of Claim" means the Proof of Claim and Release to be submitted by Claimants, substantially in the form attached as Exhibit 2 to Exhibit A.

1.28    "Publication Notice" means the Summary Notice of Pendency and Proposed Settlement of Action and Final Approval Hearing Thereon to be published on a national business internet newswire, substantially in the form attached as Exhibit 3 to Exhibit A.

1.29    "Released Parties" means the Class Plaintiffs, Plaintiffs' Released Parties, Defendants, and Defendants' Released Parties.

1.30    "Released Defendants' Claims" means all claims, demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory, or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, that could have been brought heretofore or in the future against Plaintiffs' Released Parties or Class Counsel, arising out of the instituting, prosecution, settlement or resolution of the Action.  Notwithstanding the foregoing, Released Defendants' Claims does not include claims to enforce the terms of this Stipulation or orders issued by the Court in connection with the Settlement.

1.31    "Released Plaintiffs' Claims" means all claims (including "Unknown Claims" as defined in ¶ 1.40), rights, demands, suits, matters, issues, liabilities, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, under federal, state, local, foreign law, or any other law, rule, or regulation, whether known or unknown,  that were, could have been, or could in the future be alleged or asserted against the Defendants' Released Parties or Defendants' Counsel by Plaintiffs in any court of competent jurisdiction or any other adjudicatory tribunal, in connection

with, arising out of, related to, based upon, in whole or in part, directly or indirectly, in any way, to the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, press releases, presentations, accounting practices or procedures, compensation practices or procedures, omissions or failures to act which were or which could have been alleged or asserted, or could in the future be alleged or asserted, in the Action or in any other action or other proceeding in any court or forum.  Notwithstanding the foregoing, Released Plaintiffs' Claims do not include claims asserted on OZM's behalf in shareholder derivative actions, except that Class Plaintiffs agree not to bring, or in any way to cause any other person to bring, any derivative claims in connection with, arising out of, related to, and/or based upon, in whole or in part, directly or indirectly, in any way, any facts, wrongdoing, or any other matter alleged or asserted, or which could have been alleged or asserted, in the Action.  Additionally, Released Plaintiffs' Claims does not include claims to enforce the terms of this Stipulation or orders issued by the Court in connection with this Settlement.

1.32    "Settled Claims" means all of the Released Plaintiffs' Claims, and/or Released Defendants' Claims.

1.33    "Settlement" means the settlement contemplated by this Stipulation.

1.34    "Settlement Amount" means Twenty Eight Million Seven Hundred and Fifty Thousand U.S. Dollars ($28,750,000).

1.35    "Settlement Class" means the class for which Lead Plaintiffs sought certification in their motion filed on August 9, 2016 (Dkt. # 61), and that was certified by Court in its Opinion and Order entered September 14, 2018 (Dkt. # 186)—*i.e.*, all persons other than Defendants who purchased OZM securities between February 9, 2012 and August 22, 2014, both dates inclusive.

Excluded from the Settlement Class are Defendants, all current and former directors and officers of OZM, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and/or entities referenced above.

1.36    "Settlement Class Member" means a person or entity that falls within the definition of the Settlement Class as set forth in ¶ 1.35.

1.37    "Settlement Class Period" means the period from February 9, 2012 through August 22, 2014, both dates inclusive.

1.38    "Settlement Fund" means the monies deposited into the Settlement Fund Escrow Account and any residual monies held in the Class Notice and Administration Fund Escrow Account, and any interest or income earned thereon.

1.39    "Settlement Fund Escrow Account" means an interest bearing escrow account established by the Escrow Agent to receive the amounts of funds payable by ¶ 2.1.

1.40    "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which Class Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Parties, or might have affected his, her, or its decision not to object to this Settlement.  With respect to any and all Released Plaintiffs' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR**

**SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**.

Class Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. Class Plaintiffs and the Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Class Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Class Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

### C. <u>The Settlement</u>

#### a. **The Settlement Consideration**

2.1     In consideration of the terms of this Settlement and the full and final settlement, resolution, release, and discharge of all Released Plaintiffs' Claims, OZM shall cause the Settlement Amount to be deposited into the Escrow Accounts as follows:

(a)  Within five (5) Business Days after the Court enters preliminary approval of the Settlement, Class Counsel shall provide OZM's counsel wiring instructions for the Settlement Amount, the payee's Form W-9, and any other documents reasonably required by the Defendants to process the payment of the Settlement Amount.

(b)  Within ten (10) Business Days after the Court enters preliminary approval of the Settlement, OZM shall wire $250,000 into the Class Notice and Administration Fund Escrow Account.

(c)  Within twenty (20) Business Days after the Court enters preliminary approval of the Settlement, OZM shall wire the remainder of the Settlement Amount into the Settlement Fund Escrow Account.

2.2     Other than the obligation of OZM to cause the Settlement Amount to be deposited into the Escrow Accounts pursuant to paragraph 2.1 above, Defendants shall have no obligation to make any other payment pursuant to this Stipulation.  The interest earned on the Settlement Fund shall be for the benefit of the Settlement Class upon the Effective Date.

#### b. **The Escrow Agent**

2.3     Until such time as the Settlement and Judgment becomes Final, funds from the Settlement Amount may only be invested directly in United States Treasury Bills with a maturity of ninety (90) days or less in an account held at a nationally recognized financial institution.

After the Settlement and Judgment becomes Final, the Escrow Agent shall invest any funds in excess of two-hundred fifty thousand dollars ($250,000) deposited into the Settlement Fund Escrow Account pursuant to ¶ 2.1 in instruments backed by the full faith and credit of the government of the United States of America, and shall collect and reinvest all interest accrued thereon in the same instruments.  Any funds held in escrow in amounts of less than $250,000 may be held in an interest bearing account insured by the Federal Deposit Insurance Corporation.

<b>c.    Use of Funds in Class Notice and Administration Fund Escrow Account</b>

2.4    Class Plaintiffs agree that, prior to the Effective Date, the sum deposited into the Class Notice and Administration Fund Escrow Account shall be used solely to fund reasonable out-of-pocket costs and expenses relating to the printing, mailing, and publication of notices to Class Members as described in ¶ 2.7, below.  In no event shall Plaintiffs or Class Counsel be liable to Defendants for any sums used to fund such properly incurred out-of-pocket costs and expenses.

2.5    In the event that this Settlement Agreement is terminated prior to the occurrence of the Effective Date, the Escrow Agent shall refund to OZM, within five (5) Business Days, the balance remaining in the Class Notice and Administration Fund Escrow Account, plus all accrued interest.

<b>d.    Handling and Disbursement of Funds by the Escrow Agent</b>

2.6    No monies will be disbursed from the Settlement Fund until after the Effective Date except:

    (a)    As provided in ¶¶ 2.7 and 7.2; and

    (b)    To pay Taxes and Tax Expenses (as defined in ¶ 2.8) on the income earned by the Settlement Fund.  Taxes and Tax Expenses shall be paid out of the Settlement

Fund, shall be considered to be a cost of administration of the Settlement, and shall be timely paid by the Escrow Agent without prior Order of the Court.

2.7    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Class Counsel and Defendants' Counsel.

2.8    Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation.

2.9    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed, or returned to the parties who deposited such funds, pursuant to this Stipulation and/or further order(s) of the Court.

2.10    The Escrow Agent shall establish a "Class Notice and Administration Fund" for the $250,000 paid by OZM for notice costs, per ¶2.1(b), above. The Class Notice and Administration Fund may be used to pay the reasonable fees and expenses incurred in connection with the administration and notice of the settlement upon presentation of customary invoices therefor, which invoices have been approved by Class Counsel.  Defendants shall have no responsibility or liability for the allocation of the Settlement Fund among the Settlement Class Members or the allocation of any awards of Class Plaintiffs' attorneys' fees, costs, and expenses. Any such awards shall be paid solely by the Settlement Fund.  After the effective date, additional amounts, up to $250,000 may be transferred from the Settlement Fund to pay for any necessary additional Notice and Administrion Expenses without further Order of the Court. Any residual

monies held in the Class Notice and Administration Fund Escrow Account upon the completion of notice and claims administration for the Settlement shall be included in the Settlement Fund.

### e.   Taxes

2.11   (a)   The Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.11, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)   The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.11(a)) shall be consistent with this ¶ 2.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties on the income earned by the Settlement Fund) shall be paid out of the Settlement Fund.

(c)   All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, and expenses and costs incurred in connection with the operation and implementation of this ¶ 2.11 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 2.11) ("Tax

Expenses"), shall be paid out of the Settlement Fund.  Defendants, Defendants' Counsel, Class Plaintiffs, and Class Counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court.  The Escrow Agent shall indemnify and hold each of the Defendants and Defendants' Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts,  including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)).  Neither Defendants, Defendants' Counsel, Class Plaintiffs, nor Class Counsel are responsible therefor, nor shall they have any liability with respect thereto.  The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.11.  Defendants' Counsel agree to promptly provide the Escrow Agent with the statement described in Treasury Regulation §1.468B-3(e).

(d)     For the purpose of this ¶ 2.11, references to the Settlement Fund shall include both the Settlement Fund and Class Notice and Administration Fund, and shall also include any earnings thereon.

### f.   Termination of Settlement

2.12    Class Plaintiffs (on behalf of themselves and the Settlement Class), Defendant OZM, Defendant Och, and Defendant Frank each shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice")

to all other Parties hereto within fifteen (15) Business Days of the date on which (a) the Court declines to certify the Settlement Class or alters in any material respect the scope or definition of the Settlement Class; (b) the Court declines to grant final approval to this Settlement or any material part of it; (c) the Court declines to enter the Judgment substantially in the form set forth in Exhibit B; (d) the Judgment is vacated, modified, or reversed in any material respect; (e) the Effective Date otherwise does not occur; or (f) any of the material terms of the Settlement is not satisfied.  OZM may also terminate the Settlement and this Stipulation pursuant to paragraph 2.13.  The foregoing list is not intended to limit or impair the parties' rights under the law of contracts of the State of New York with respect to any breach of this Stipulation.  In the event the Settlement and this Stipulation are terminated, the provisions of paragraphs, 1.1-1.40; 2.14, and 8.1-8.8, shall survive termination.

2.13    If, prior to the Final Approval Hearing, any persons who otherwise would be members of the Settlement Class have timely filed exclusion from the Class in accordance with the provisions of the Order for Notice and Hearing and the notice given pursuant thereto, and such persons in the aggregate purchased a number of Class A Shares during the Settlement Class Period in an amount greater than the sum specified in a separate "Supplemental Agreement" between the Parties, then OZM, in its sole discretion, may terminate this Stipulation and the Settlement in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court unless and until a dispute among the Parties concerning its interpretation or application arises.

2.14    In the event that this Settlement Agreement is terminated prior to the occurrence of the Effective Date, the Escrow Agent shall refund to OZM (i) the balance remaining in the Class Notice and Administration Fund Escrow Account, plus all accrued interest; and (ii) all

funds in the Settlement Fund Escrow Account, plus all accrued interest, in accordance with the provisions of ¶ 8.4.

### D.   **Settlement Class Representatives**

3.1     Solely for purposes of the Settlement and for no other purpose, Class Plaintiffs and Defendants stipulate and agree to: (a) appointment of Lead Plaintiffs as Settlement Class Representatives; and (b) appointment of Pomerantz LLP and The Rosen Firm, P.A. as Settlement Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

3.2     Should the Court materially alter or amend the scope of the Settlement Class, each of the Parties reserves the right to terminate the Settlement in accordance with paragraph 8.4 below.

### E.   **Order for Notice of Final Approval Hearing**

4.1     Promptly after execution of this Stipulation, and in any event no later than ten (10) Business Days after execution of this Stipulation, Class Counsel and Defendants' Counsel shall jointly submit this Stipulation together with its Exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of an Order for Notice and Hearing, approval for the mailing and publication of the Notice and Publication Notice, substantially in the forms of Exhibits A-1 and A-3 hereto, which shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the "Fee and Expense Application" (as defined in ¶ 7.1) and the date of the Final Approval Hearing as defined below.

4.2     Within ten (10) calendar days after the Parties make the joint submission described in ¶ 4.1, Defendants' Counsel shall serve upon the appropriate State officials and

appropriate Federal official a notice of proposed settlement pursuant to 28 U.S.C. § 1715(b) (the "CAFA Notice").

4.3     Following the joint submission described in ¶ 4.1, and after Notice is given, the Court shall hold a hearing (the "Final Approval Hearing") for the purpose of determining whether to approve the Settlement of the Action as set forth herein.  In accordance with 28 U.S.C. § 1715(d), the Parties shall jointly request that the Court refrain from entering a Judgment granting final approval of the Settlement until at least ninety (90) calendar days after the date upon which Defendants' Counsel have served the CAFA Notice on all appropriate State and Federal officials as described in ¶ 4.2 of this Stipulation.  At or after the Final Approval Hearing, Class Counsel also will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application, and the Compensatory Award.

4.4     Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Stipulation, to the Plan of Allocation, to any term(s) of this Stipulation, to the Fee and Expense Application, or to the Compensatory Award must both effect service on ClassCounsel and Defendants' Counsel and file with the Court by no later than the Court-ordered date, a statement of his, her, or its objection(s); *provided however*, that a potential Settlement Class Member who submits a Request for Exclusion, as defined below, from the Settlement Class shall not be able to submit an objection.  If a Settlement Class Member timely and properly serves and files written objections as set forth in this paragraph, Class Counsel and Defendants' Counsel may, as they deem appropriate, submit papers in support of the Stipulation, the Plan of Allocation, any term(s) of this Stipulation, the Fee and Expense Application, or the Compensatory Award no later than ten (10) calendar days before the Final Approval Hearing.

4.5     The statement of objection of the Settlement Class Member shall state (i) whether the Settlement Class Member is a Settlement Class Member, (ii) which part of this Stipulation the Settlement Class Member objects to and (iii) the specific reason(s), if any, for each such objection made by the Settlement Class Member, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection. Such Settlement Class Member shall also provide documentation sufficient to establish the amount of publicly traded Class A Shares he, she, or it purchased and sold during the Settlement Class Period, and the prices and dates of each transaction.  Failure to provide such information and documentation shall be grounds to void the objection.

4.6     Any Settlement Class Member who fails to comply with any of the provisions of Section E shall waive and forfeit any and all rights he, she, or it may otherwise have to appear separately at the Final Approval Hearing and/or to object to this Stipulation, and shall be bound by all the terms of this Stipulation, and by all proceedings, orders, and judgments in the Action.

**F.     Releases**

5.1     The obligations incurred pursuant to this Stipulation shall be a full and final disposition of the Action, any and all Released Plaintiffs' Claims, and any and all Released Defendants' Claims, as against all Released Parties.

5.2     Upon the Effective Date, Class Plaintiffs, on behalf of themselves and Plaintiffs' Released Parties, and all Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against Defendants, and each of them, and any and all of Defendants'

Released Parties including, but not limited to, Defendants' Counsel, whether or not any individual Settlement Class Member executes and delivers the Proof of Claim.

5.3     Upon the Effective Date, Defendants, and each of them, on behalf of themselves and Defendants' Released Parties, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Class Plaintiffs and any and all of Plaintiffs' Released Parties including, but not limited to, Class Counsel.

5.4     Only those Class Members filing valid and timely Proof of Claim and Release forms shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund.  The Proof of Claim and Release to be executed by Class Members shall release all Released Plaintiffs' Claims against the Released Persons, and shall be substantially in the form contained in Exhibit A-2 attached hereto.  All Class Members not submitting valid and timely requests for exclusion shall be bound by the releases set forth in this Section F, whether or not they submit a valid and timely Proof of Claim and Release.

**G.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.  The distribution checks will be drawn upon the accounts invested by the Escrow Agent.

6.2     The Settlement Fund shall be applied as follows:

(i)     To pay the Taxes and Tax Expenses described in ¶ 2.11 above;

(ii)     To pay all the costs and expenses reasonably and actually incurred in connection with settlement administration, including, but not limited to, locating members of the

Class, providing Notice, soliciting Class claims, assisting with the filing of claims, processing Proof of Claim forms, making administrative determinations concerning the acceptance or rejection of submitted claims, administering and distributing the Settlement Fund to Authorized Claimants, paying escrow fees and costs, if any, and paying the fees and expenses of the Claims Administrator;

(iii)   To pay Class Counsel's attorneys' fees, and expenses with interest thereon, as provided in ¶ 7.2 (the "Fee and Expense Award"), to the extent allowed by the Court;

(iv)   To pay a Compensatory Award to the Class Plaintiffs as provided in ¶ 7.6, to the extent allowed by the Court;

(v)   To pay the Claims Administrator's fees and expenses reasonably incurred in the claims administration of the Settlement; and

(vi)   To distribute the balance of the Settlement Fund, that is, the total Settlement Fund less the items set forth in ¶¶ 6.2(i), (ii), (iii), (iv) and (v) (the "Net Settlement Fund"), to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

6.3   Upon the entry of the Judgment and thereafter, subject to ¶ 2.3 and in accordance with the terms of the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(i)   Any Person falling within the definition of the Class may be excluded from the Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Order for Notice and Hearing, Exhibit A hereto, and is postmarked no later than the Court-ordered date.  All Persons who

submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.  However, a Class Member may submit a written revocation of a Request for Exclusion up until five (5) Business Days prior to the date of the Final Approval Hearing and receive payments pursuant to this Stipulation and Settlement provided the Class Member also submits a valid Proof of Claim, as set forth in ¶ 6.3(ii), below, prior to the Bar Date;

(ii)  Each Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim, or such other documents or proof reasonably available to the Authorized Claimant, as Lead Counsel, in their discretion, may deem acceptable, no later than five (5) Business Days prior to the Final Approval Hearing;

(iii)  Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or otherwise allowed, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment and will be barred and enjoined from bringing any action or other proceeding against the Released Parties concerning the Settled Claims.

6.4     No Person shall have any claim against Class Plaintiffs, Class Counsel, Defendants, Defendants' Counsel, the Claims Administrator, the Escrow Agent or any other agent designated by Class Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of

Allocation, or further orders of the Court.  The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator under the supervision of Class Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to such not-for-profit organization as the Court may direct and approve.  This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes final, no portion of the Settlement Fund will be returned to the Defendants.  Defendants and their corresponding Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

6.5     It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or the Settlement or to affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

6.6     After notice is given, Class Counsel will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application, and the Compensatory Award, and the Parties shall request and obtain from the Court a Judgment substantially in the form attached to this Agreement as Exhibit B.  The Judgment shall contain a Bar Order substantially in the form set forth in Exhibit B that permanently bars, enjoins, and restrains any Person from commencing, prosecuting, or asserting any Barred Claims against any of the Defendants' Released Parties, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

      **H.**      **Attorneys' Fees and Expenses, and Class Plaintiffs' Compensatory Award**

7.1     Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to Class Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including experts or consultants, incurred in connection with prosecuting the Action plus any interest on such attorneys' fees, costs, and expenses at the same rate and for the same periods as earned by the Gross Settlement Fund (until paid) as may be awarded by the Court.  Class Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.2     The attorneys' fees and expenses, including the fees and expenses of experts and consultants, as awarded by the Court, shall be payable to Class Counsel from the Settlement Fund, as ordered, upon the entry of the Court's order awarding such fees and expenses.  Subject to the terms of payment in ¶¶ 2.1, (i) payments for attorneys' fees and expenses in cash shall be payable to Class Counsel immediately upon the entry of the Court's order awarding such fees

and expenses.  Class Counsel agrees to refund to the Settlement Fund any award of attorney's fees and expenses by the Court paid to Class Counsel in the event the Court's award of attorney's fees and expenses is reduced or reversed on appeal (the "Fee Award"); payment of any required refund of some or all of the Fee Award shall be made by Class Counsel into the Settlement Fund within twenty (20) Business Days of a final order by the United States Court of Appeals for the Second Circuit or the United States Supreme Court directing such reduction or reversal, and shall be distributed by the Escrow Agent to the Class pursuant to the manner directed in the final order.  Class Counsel further agrees to refund to the Settlement Fund any award of attorney's fees and expenses by the Court paid to Class Counsel in the event that this Settlement does not become Final; in such situation, payment of all of the Fee Award shall be made by Class Counsel into the Settlement Fund within twenty (20) Business Days thereof, and shall thereafter be distributed by the Escrow Agent pursuant to the terms of ¶ 8.4.

7.3    The procedure for and allowance or disallowance by the Court of any application by Class Counsel for attorneys' fees and expenses, including the fees and expenses of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

28

7.4     Defendants and Defendants' Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Class Counsel or any other Plaintiffs' Counsel and/or any other Person who receives payment from the Settlement Fund.

7.5     Class Counsel may submit an application to the Court to authorize the payment of a Compensatory Award for the time and expenses expended by Class Plaintiffs in assisting Class Counsel in the litigation of this Action.  Subject to the payment terms in ¶ 2.1, payment for any Compensatory Award payable in cash shall be payable to Class Plaintiffs upon the Effective Date.

## I.     <u>Effect of Disapproval, Cancellation or Termination</u>

8.1     The Effective Date of the Stipulation shall be the date on which all of the following events have occurred:

(a) Defendants have caused the contributions to be made to the Settlement Fund, as required by ¶ 2.1 above;

(b)  OZM no longer has any right to terminate this Settlement pursuant to the "Supplemental Agreement" described in ¶ 2.10 above;

(c) the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(d) the Judgment has become Final, as defined in ¶ 1.18 hereof.

Any appeal or delay in (a) the approval of the Plan of Allocation, (b) the determination of any award of attorneys' fees and expenses, or (c) the granting of a Compensatory Award to Class Plaintiffs, shall not affect, alter, or delay the occurrence of the Effective Date.

8.2     If the Settlement Amount is not paid into the Escrow Accounts in accordance with ¶ 2.1 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class shall have the right to

(a) terminate the Settlement and Stipulation by providing written notice to Defendants within three (3) Business Days after the last day for funding the Settlement Amount; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein. Defendants shall not have the right to terminate the Stipulation if the Settlement Amount is not paid pursuant to ¶ 2.1.

8.3     Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.  The Settlement Fund shall be distributed in accordance with ¶ 6.2 hereof.

8.4     In the event the terms of this Stipulation and Settlement are not approved by the Court, or the Effective Date does not occur, then this Stipulation shall be canceled and terminated, unless otherwise agreed to in writing by both Class Counsel and Defendants' Counsel.  None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than provided for and agreed herein.  Without limitation of any Party's other rights or remedies at law or in equity to enforce its rights against any other Party that breaches its obligations under this Stipulation, no breach by any Party of its obligations under this Stipulation shall permit any other Party (i) to terminate this Stipulation, except to the extent that the terms of this Stipulation expressly authorize such termination and termination is undertaken in accordance with such terms, or (ii) after the Effective Date to affect or impair the disposition of the Action or release of claims contemplated by ¶ 5.1.

8.5     None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein.

8.6     In the event the Settlement and this Stipulation are terminated or if the Effective Date fails to occur for any reason, within ten (10) Business Days after written notification of such event is sent by Defendants' Counsel or Class Counsel to the Escrow Agent, subject to the terms of ¶ 2.9 hereof, the Settlement Fund (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶ 2.7 or ¶ 2.8 hereof, or are determined to be chargeable to the Settlement Fund or the notice and administration of the Settlement pursuant to ¶ 2.8 herein, shall be refunded by the Escrow Agent to OZM, by check or wire transfer pursuant to written instructions from OZM's counsel.  At the request of OZM's counsel, the Claims Administrator or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to OZM.

8.7     In the event that the Settlement and this Stipulation are terminated, or if the Effective Date fails to occur for any reason, the Parties shall be restored to their respective positions in the Action as of September 17, 2018.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.1-1.40; ¶ 2.14, and ¶¶ 8.1-8.8 hereof, shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Class Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.8     If the Effective Date does not occur, neither Class Plaintiffs nor Class Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class

Notice and Administration Fund.  In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶ 8.6.

**J.      Miscellaneous Provisions**

9.1     The Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation.  Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.2     The Parties intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Action as well as any disputes which could have been raised in the Action by Class Plaintiffs, the Settlement Class Members, Plaintiffs' Released Parties, and each or any of them, against Defendants, Defendants' Released Parties, Defendants' Counsel, and each or any of them, on the one hand, and by Defendants and their Released Parties, and each or any of them, against Class Plaintiffs, Plaintiffs' Released Parties, Class Counsel, and each or any of them, on the other hand.  Additionally, as among and between Defendants and their Released Parties, and each or any of them, Defendants intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the

Action.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by Class Plaintiffs or defended by any the Defendants, or each or any of them, in bad faith or without a reasonable basis.  The Judgment  will contain a statement that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The Parties further agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     Whether or not the Effective Date occurs or this Stipulation is terminated, neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement:

(i)     may be deemed, or shall be used, offered, or received against Defendants or Defendants' Released Parties, or each or any of them as, an admission, concession, or evidence of the validity of any Released Plaintiffs' Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the litigation, or any alleged wrongdoing, liability, negligence, or fault of the Defendants and their Released Parties, or any of them;

(ii)     may be deemed, or shall be used, offered, or received against Defendants, or each or any of them as, an admission, concession, or evidence of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant and their Released Parties, or any of them;

(iii)     may be deemed, or shall be used, offered, or received against Class Plaintiffs or Plaintiffs' Released Parties, or each or any of them as, an admission, concession, or

evidence of the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(iv)    may be deemed, or shall be used, offered, or received against Class Plaintiffs or Plaintiffs' Released Parties, or each or any of them, or against Defendants, Defendants' Released Parties, or each or any of them, as, an admission or concession with respect to any liability, fault, or wrongdoing as against any Parties to the Stipulation, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other forum. However, the Settlement, this Stipulation, and any acts performed and/or documents executed in furtherance of or pursuant to this Stipulation and/or the Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Stipulation.  Moreover, if this Stipulation is approved by the Court, any party or any of the Released Parties may file this Stipulation and/or Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar claim, defense, or counterclaim;

(v)    may be deemed, or shall be construed against Class Plaintiffs,  Plaintiffs' Released Parties, or each or any of them, or against Defendants, Defendants' Released Parties, or each or any of them, as, an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount which could have or would have been recovered after trial; and

(vi)      may be deemed, or shall be construed as or received in evidence as an admission or concession against Class Plaintiffs, Plaintiffs' Released Parties, or each and any of them, or against Defendants, Defendants' Released Parties, or each or any of them, that any of their claims or defenses are meritorious or without merit or that damages recoverable under the Complaint would have exceeded or would have been less than the Settlement Fund.

9.4      The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.5      The waiver by one party of any breach of this Stipulation by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Stipulation.

9.6      All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.7      This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.8      This Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Party shall bear its own costs.

9.9      Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.10    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by an electronically generated or recorded image of the signature in .pdf or .tif file format transmitted via e-mail.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation all exchange original signed counterparts.

9.11    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto and their Released Parties.

9.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.13    This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice of law principles.

9.14    This Stipulation is deemed to have been prepared by counsel for all Parties, as a result of arm's length negotiations among the parties.  Whereas all Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

9.15    Whenever this Stipulation requires or contemplates that one party shall or may give notice to another, notice shall be provided by electronic mail or next-day (excluding Saturday and Sunday) express delivery service as follows and shall be deemed effective upon

36

such transmission or delivery, to the email or business address, as the case may be, set forth below:

If to Defendants, then to:

Robert F. Serio                                  Alan Vinegrad
**GIBSON, DUNN & CRUTCHER LLP**   **COVINGTON & BURLING LLP**
200 Park Avenue                              620 Eighth Avenue
New York, New York 10166              New York, New York 10018
Telephone:    (212) 351-4000          Telephone:    (212) 841-1000
Email: RSerio@gibsondunn.com        Email: AVinegrad@cov.com

Richard J. Morvillo
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, New York 10019
Telephone:    (212) 506-5000
Email: RMorvillo@orrick.com

If to Class Plaintiffs, then to:

Patrick V. Dahlstrom                        Laurence Rosen
**POMERANTZ LLP**                       **THE ROSEN LAW FIRM, P.A.**
Ten South La Salle Street                  275 Madison Avenue
Suite 3505                                        34th Floor
Chicago, Illinois 60603                      New York, New York 10016
Telephone:    (312) 377-1181          Telephone:    (212) 686-1060
Email: pdahlstrom@pomlaw.com       Email: lrosen@rosenlegal.com

9.16    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Stipulation or by order of court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9.17    The Parties reserve the right, subject to Court approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

Dated:    October 1, 2018

AGREED TO BY COUNSEL FOR THE PARTIES:

POMERANTZ LLP

_____

Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

Michele S. Carino
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

*Class Counsel for Plaintiffs*

THE ROSEN LAW FIRM, P.A.

_____

Laurence Rosen
Sara Fuks
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

*Class Counsel for Plaintiffs*

GIBSON, DUNN & CRUTCHER LLP

_____

Robert F. Serio
Aric H. Wu
Gabriel Herrmann
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000

*Attorneys for Defendant Och-Ziff Capital
Management Group LLC*

COVINGTON & BURLING LLP

_____

Alan Vinegrad
Stephen Dee
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000

*Attorneys for Defendant Daniel S. Och*

ORRICK, HERRINGTON, &
SUTCLIFFE LLP

_____

Richard J. Morvillo
Ellen Murphy
Elizabeth M. Anderson
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000

*Attorneys for Defendant Joel M. Frank*

POMERANTZ LLP

Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

Michele S. Carino
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

*Class Counsel for Plaintiffs*

THE ROSEN LAW FIRM, P.A.

Laurence Rosen
Sara Fuks
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

*Class Counsel for Plaintiffs*

GIBSON, DUNN & CRUTCHER LLP

Robert F. Serio
Aric H. Wu
Gabriel Herrmann
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000

*Attorneys for Defendant Och-Ziff Capital Management Group LLC*

COVINGTON & BURLING LLP

Alan Vinegrad
Stephen Dee
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000

*Attorneys for Defendant Daniel S. Och*

ORRICK, HERRINGTON, &
SUTCLIFFE LLP

Richard J. Morvillo
Ellen Murphy
Elizabeth M. Anderson
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000

*Attorneys for Defendant Joel M. Frank*

POMERANTZ LLP

Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

Michele S. Carino
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

*Class Counsel for Plaintiffs*

THE ROSEN LAW FIRM, P.A.

Laurence Rosen
Sara Fuks
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

*Class Counsel for Plaintiffs*

GIBSON, DUNN & CRUTCHER LLP

Robert F. Serio
Aric H. Wu
Gabriel Herrmann
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000

*Attorneys for Defendant Och-Ziff Capital Management Group LLC*

COVINGTON & BURLING LLP

Alan Vinegrad
Stephen Dee
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000

*Attorneys for Defendant Daniel S. Och*

ORRICK, HERRINGTON, &
SUTCLIFFE LLP

Richard J. Morvillo
Ellen Murphy
Elizabeth M. Anderson
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000

*Attorneys for Defendant Joel M. Frank*

POMERANTZ LLP

Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

Michele S. Carino
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

*Class Counsel for Plaintiffs*

THE ROSEN LAW FIRM, P.A.

Laurence Rosen
Sara Fuks
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

*Class Counsel for Plaintiffs*

GIBSON, DUNN & CRUTCHER LLP

Robert F. Serio
Aric H. Wu
Gabriel Herrmann
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000

*Attorneys for Defendant Och-Ziff Capital
Management Group LLC*

COVINGTON & BURLING LLP

Alan Vinegrad
Stephen Dee
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000

*Attorneys for Defendant Daniel S. Och*

ORRICK, HERRINGTON, &
SUTCLIFFE LLP

Richard J. Morvillo
Ellen Murphy
Elizabeth M. Anderson
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000

*Attorneys for Defendant Joel M. Frank*

POMERANTZ LLP

_____

Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

Michele S. Carino
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

*Class Counsel for Plaintiffs*

THE ROSEN LAW FIRM, P.A.

_____

Laurence Rosen
Sara Fuks
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

*Class Counsel for Plaintiffs*

GIBSON, DUNN & CRUTCHER LLP

_____

Robert F. Serio
Aric H. Wu
Gabriel Herrmann
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000

*Attorneys for Defendant Och-Ziff Capital
Management Group LLC*

COVINGTON & BURLING LLP

_____

Alan Vinegrad
Stephen Dee
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000

*Attorneys for Defendant Daniel S. Och*

ORRICK, HERRINGTON, &
SUTCLIFFE LLP

_____

Richard J. Morvillo
Ellen Murphy
Elizabeth M. Anderson
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000

*Attorneys for Defendant Joel M. Frank*