# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARTHUR MENALDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>OCH-ZIFF CAPITAL MANAGEMENT GROUP LLC, DANIEL S. OCH, and JOEL M. FRANK,<br><br>Defendants. | Civil Action No. 14 Civ. 3251 (JPO)<br><br>**(PROPOSED) PRELIMINARY APPROVAL ORDER** |

WHEREAS, on September 14, 2018, the Court granted Plaintiffs' motion for class certification, certifying a class of plaintiffs consisting of all persons other than Defendants who purchased the securities of Och-Ziff Capital Management Group LLC ("OZM") between February 9, 2012 and August 22, 2014, inclusive; appointing Ralph Langstadt and Julie Lemond as lead plaintiffs and approving Pomerantz LLP and the Rosen Law Firm, P.A. as class counsel (Dkt. # 186).

WHEREAS, Class Plaintiffs and the Defendants in the above-entitled action (the "Action") entered into a Stipulation of Settlement dated October 1, 2018 (the "Stipulation"), which is subject to review and approval by this Court and which, together with the Exhibits thereto, provide for the settlement and release of all the Released Claims against the Released Parties on the terms and conditions set forth in the Stipulation; and the Court having read and considered the Stipulation and the accompanying documents, including the Motion For Preliminary Approval Of Class Action Settlement and Memorandum of Law in Support of

Plaintiffs' Motion; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____ 2018, that:

1. The Court preliminarily finds:

    (a) that the Settlement resulted from informed, extensive arm's-length negotiations, including mediation under the direction of experienced mediators; and

    (b) that the Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class.[1]

2. A hearing (the "Final Approval Hearing") is hereby scheduled to be held before the Court on _____, 2018, to determine whether:

    (a) Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

    (b) Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and the Release of the Released Parties as set forth in the Stipulation should be ordered;

    (c) the Court should permanently enjoin and bar the assertion of any Released Claims;

    (d) the proposed Plan of Allocation should be approved;

    (e) the Fee and Expense Application submitted by Class Counsel should be approved;

---

[1] "Settlement Class" means the class for which Lead Plaintiffs sought certification in their motion filed on August 9, 2016 (Dkt. # 61), and that was certified by Court in its Opinion and Order entered September 14, 2018 (Dkt. # 186)—*i.e.*, all persons other than Defendants who purchased OZM securities between February 9, 2012 and August 22, 2014, both dates inclusive.

(f) Compensatory awards to the Class Plaintiffs should be approved;

(g) any Settlement Class Member's timely objection to the Settlement, the Plan of Allocation, the Fee and Expense Application, and/or a Compensatory award should be sustained; and

(h) such other matters as the Court may deem necessary or appropriate.

3. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class and may adjourn the Final Approval Hearing without further notice to the Settlement Class. The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation, or Class Counsel's request for an award of attorneys' fees and expenses.

4. The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release (the "Proof of Claim") and the Summary Notice of Proposed Settlement of Class Actions (the "Summary Notice"), annexed hereto as Exhibits 1, 2 and 3, respectively.

5. The Court approves the appointment of Strategic Claims Services as the Claims Administrator.

(a) The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by First-Class Mail, postage prepaid, within ten (10) Business Days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort. Within five (5) Business Days of this Order, OZM, at its expense, shall make, or cause to be made, the last known addresses of Settlement Class Members, or other identifying information, as set forth in the books and records regularly maintained by the Company or its transfer agent, available to the Claims Administrator for the

purpose of identifying and giving notice to the Settlement Class.  The Claims Administrator shall make all reasonable efforts to give notice to nominees or custodians who purchased OZM Class A Shares during the Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the Notice and Proof of Claim and Release Form, either (i) request additional copies of the Notice and Proof of Claim and Release Form sufficient to send the Notice and Proof of Claim and Release Form to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Notice and Proof of Claim and Release Form to such beneficial owners. Nominees or custodians who elect to send the Notice and Proof of Claim and Release Form to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice and Proof of Claim shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians  solely for their reasonable out-of-pocket expenses, up to $0.70 per notice mailed or $.10 per name and address provided to Claims Administrator, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

(b) The Claims Administrator shall cause the Summary Notice to be published in a national business internet newswire, substantially in the form annexed hereto, within ten (10) calendar days after the mailing of the Notice.

6. Class Counsel shall, at least fourteen (14) calendar days before the Final Approval Hearing, file with the Court and serve on the settling Parties proof of mailing of the Notice and Proof of Claim and proof of publication of the Summary Notice.

7. The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

8. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is consummated in accordance with its terms set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator no later than seven (7) calendar days prior to the Final Approval Hearing a completed Proof of Claim, substantially in a form contained in Exhibit 2 attached hereto and as approved by the Court, signed under penalty of perjury.

(b) Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will in all other respects be

subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment.  Notwithstanding the foregoing, Class Counsel may, in their discretion, accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed, but shall incur no liability for declining to accept a late-submitted claim.

(c) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of this Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

9. Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to make such request shall, no later than fourteen (14) calendar days prior to the date scheduled herein for the Final Approval Hearing, mail a request for exclusion in written form by First Class Mail postmarked to the address designated in the Notice.  Such request for exclusion shall indicate the name, address and telephone number of the person seeking exclusion, that the person requests to be excluded from the Settlement, and must be signed by such person.  Such persons requesting exclusion are also requested to state the number of Class A Shares they purchased or acquired that are subject to this Action.  The request for exclusion shall not be effective unless it is made in writing within the time stated above, and the exclusion is accepted by the Court.  Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

10. The Court will consider objections to the Settlement, the Plan of Allocation, the award of attorneys' fees and expenses, and/or compensatory awards.  To the extent any

Settlement Class Member wants to object, such objections and any supporting papers, accompanied by proof of Settlement Class membership (*i.e.*, confirmations of all purchases and sales during the Settlement Class Period), shall be filed with the Clerk of the Court, United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, and served upon Class Counsel no later than fourteen (14) calendar days prior to the date scheduled herein for the Final Approval Hearing.  Copies of the objections and supporting documents for Lead Counsel shall be served upon Patrick V. Dahlstrom, Pomerantz LLP, 10 South La Salle Street, Suite 3505, Chicago, Illinois 60603; or Laurence Rosen, The Rosen Law Firm, P.A., 275 Madison Avenue, 34th Floor, New York, New York 10016.  Persons who intend to object and desire to present evidence at the Final Approval Hearing must include in their written objections copies of any exhibits they intend to introduce into evidence at the Final Approval Hearing.  If an objector hires an attorney to represent him, her, or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than fourteen (14) calendar days prior to the Final Approval Hearing.  A Settlement Class Member who files a written objection does not have to appear at the Final Approval Hearing for the Court to consider his, her, or its objection.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the Settlement set forth in the Stipulation, to the Plan of Allocation, the award of attorneys' fees and expenses to Class Counsel, or to any compensatory award.

11. All papers in support of the Settlement, the Plan of Allocation, and any application by Class Counsel for attorneys' fees and expenses and/or compensatory awards shall

be filed thirty (30) calendar days prior to the Final Approval Hearing. All reply papers and/or supplemental papers in support shall be filed and served at least seven (7) calendar days prior to the Final Approval Hearing.

12. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

13. Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

14. Pending final determination of whether the Settlement should be approved, Class Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining or prosecuting, any action in any court or tribunal that asserts any Released Claims against any Released Parties.

15. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Class Plaintiffs nor Class Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund, or due and owing from the Class Notice and Administration Fund as provided for in the Stipulation.

16. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Class Plaintiffs or Defendants elect to terminate the Settlement then, in any such event, the Stipulation, with the exception of paragraphs 1.1-1.40; 2.14, and 8.1-8.8, shall be null

and void, of no further force or effect without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity for any purpose, and each party shall be restored to his, her, or its respective position as it existed on September 17, 2018.

17. The Court may adjourn or continue the Final Approval Hearing without further written notice.

18. The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed by the Settling Parties, if appropriate, without further notice to the Class.

SO ORDERED.

Dated: _____, 2018

_____
Honorable J. Paul Oetken
United States District Judge