UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR MENALDI, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff(s),<br><br>  -against-<br><br>OCH-ZIFF CAPITAL MANAGEMENT GROUP LLC, DANIEL S. OCH, and JOEL M. FRANK,<br><br>　　　　　　　Defendants. | Civil Action No. 14 Civ. 3251 (JPO)<br><br>**FINAL<br>ORDER AND JUDGMENT** |

WHEREAS this matter came before the Court for hearing on January 16, 2019, pursuant to the Order of Preliminary Approval entered on October 2, 2018, on the application of the parties for final approval of the settlement as set forth in the Stipulation of Settlement, dated October 1, 2018 (the "Stipulation"); and

WHEREAS the Court has heard all persons properly appearing and requesting to be heard, read and considered the motion and supporting papers, and found good cause appearing;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.　　This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them as set forth in the Stipulation.

2.　　The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

3.　　On January 16, 2019, the Court held a Final Approval Hearing, after due and proper notice, to consider the fairness, reasonableness, and adequacy of the Settlement proposed

in the Stipulation. In reaching its decision in this Action, the Court considered the Parties' Stipulation, the Court file in this case, and the presentations by Class Counsel on behalf of the Class Representatives and the Settlement Class and counsel for Defendants in support of the fairness, reasonableness, and adequacy of the Settlement.

4. In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Settlement Class Members satisfied the requirements of due process, as well as the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(7). The Court reaffirms that finding and holds that the best practicable notice was given to Settlement Class Members under the circumstances, and that the Notice constitutes due and sufficient notice of the Settlement, Stipulation in support thereof, and Final Approval Hearing to all persons affected by and/or entitled to participate in the Stipulation or the Final Approval Hearing. Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

5. The Court has determined that the Settlement set forth in the Stipulation is fair, reasonable, and adequate and is hereby finally approved in all respects.

6. The Court has considered the submissions of the Parties along with the Court file, all of which show that there remains substantial risk and uncertainty in the Plaintiffs ultimately prevailing on their claims. Given the considerable open issues, the benefits available directly to the Settlement Class Members represent a fair, reasonable, and adequate resolution that can be summarized as follows:

7. The Defendants have caused twenty-eight million seven hundred and fifty thousand dollars ($28,750,000) to be deposited into escrow (the "Settlement Fund") for the

benefit of the Settlement Class. Among other things, the recovery of individual Settlement Class Members depends on the number of Class A Shares those Settlement Class Members purchased and sold and the prices at which Settlement Class Members who filed claims purchased and sold those shares.

8. The Court finds that the proposed Plan of Allocation is fair, just, reasonable, and adequate, and is finally approved in all respects.

9. The Court finds that there were no objections filed to the Settlement.

10. In addition to finding the terms of the Settlement to be fair, reasonable, and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arm's length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill, or lack of zeal on the part of Class Counsel.

11. This Order and Final Judgment shall be binding on all Settlement Class Members, including Class Plaintiffs Ralph Langstadt and Julie Lemond, except for those Settlement Class Members who filed valid exclusions, as listed on Exhibit A-1, attached hereto. Further, the Action and the Released Plaintiffs' Claims are hereby dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

12. Upon the Effective Date, the Class Plaintiffs, on behalf of themselves, and on behalf of each Settlement Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against Defendants, Defendants' Counsel, and Defendants' Released Parties, whether or not any individual Settlement Class Member executes and delivers a Proof of

Claim. By entering into this Settlement, Class Plaintiffs represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Plaintiffs' Claims, or any of them, to any other Person. The Parties acknowledge, and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and the provisions, rights, and benefits of California Civil Code § 1542, were bargained for and are key elements of the Settlement of which the release in this paragraph is a part.

13. Upon the Effective Date, the Class Plaintiffs, each Settlement Class Member and anyone claiming through or on behalf of any of them, by operation of the Judgment, shall be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind, asserting any of the Released Plaintiffs' Claims against any of Defendants, Defendants' Counsel, and Defendants' Released Parties.

14. Upon the Effective Date, Defendants, on behalf of themselves and Defendants' Released Parties, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged all Released Defendants' Claims against Class Plaintiffs and any and all of Plaintiffs' Released Parties, including, but not limited to, Class Counsel, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Defendants' Claim against any of them directly, indirectly, or in any other capacity.

15. The facts and terms of the Stipulation, including the Exhibits thereto, this Final Order and Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement shall

not be construed as, or offered or received against the Released Parties as evidence regarding, any of the following: (a) the merits, or lack thereof, of any claims or defenses asserted in the Action; (b) the amount that could or would have been awarded at trial; or (c) any admission of liability, negligence, fault, or wrongdoing.

16. As a material condition of the Settlement, the Court hereby permanently bars, enjoins, and restrains any and all Persons from instituting, commencing, prosecuting, asserting, or pursuing any claim against any of the Defendants for contribution or indemnity (whether contractual or otherwise), however denominated, arising out of, based upon, or related to the claims and allegations asserted in the Action (or any other claims where the alleged injury to the entity/individual is the entity's/individual's actual or threatened liability to any Settlement Class Member), whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or discharged, satisfied or unsatisfied, and/or enforceable or unenforceable.

17. The Court finds and concludes that, during the course of this Action, the Defendants, Class Plaintiffs, and their respective counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. No such party or its respective counsel violated any of the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to any of the complaints filed in this Action, any responsive pleadings to any of the above complaints, or any motion with respect to any of the above complaints. The Court further finds

that the Class Plaintiffs and Class Counsel adequately represented the Settlement Class Members for purposes of entering into and implementing the Settlement.

18. The Court hereby awards Class Counsel attorneys' fees of $8,625,000, plus reimbursement of their expenses in the amount of $401,240.26, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable given the contingent nature of the case and the substantial risks of non-recovery, the quality of the work performed, the time and effort involved, and the result obtained for the Settlement Class.

19. The Court hereby awards Class Plaintiff Ralph Langstadt and Class Plaintiff Julie Lemond each a compensatory award of $5,000.

20. Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Settlement.

SO ORDERED.

Dated: January 16, 2019

_____
J. PAUL OETKEN
United States District Judge