`

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR MENALDI, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff(s),<br>　-against-<br><br>OCH-ZIFF CAPITAL MANAGEMENT GROUP LLC, DANIEL S. OCH, and JOEL M. FRANK,<br>　　　　　　　　　　Defendants. | Civil Action No. 14 Civ. 3251 (JPO)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISTRUBUTION OF CLASS ACTION SETTLEMENT FUNDS** |

Class Representatives Ralph Langstadt ("Langstadt") and Julie Lemond ("Lemond," and with Langstadt "Plaintiffs" or "Class Representatives"), respectfully submit this Memorandum of Law in Support of their Motion for Distribution of Class Action Settlement Funds.[1]

## I. INTRODUCTION

On January 24, 2019 the Court entered the Revised Final Order and Judgment. (Dkt. No. 207).

Class Counsel has been advised by the court-appointed Class Action Claims Administrator, Strategic Claims Services, Inc. ("SCS"), that it has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons who responded to the Notice and has determined which of those persons are Authorized Claimants. *See* Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Declaration") ¶¶3-9.

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Stipulation of Settlement (the "Stipulation"), filed with the Court on October 2, 2018 (Dkt. 190).

All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. *See* Stipulation at p. 23-24, ¶6.1, 6.2 (vi). Thus, Class Counsel requests that the Court authorize the distribution of the Net Settlement Fund to the Authorized Claimants.

## II. DETERMINATION OF AUTHORIZED CLAIMS

### A. Deficient and Ineligible Claims

Pursuant to the Preliminary Approval Order (Dkt. No. 193) all claims were to be submitted to the Claims Administrator postmarked no later than seven calendar days prior to the Final Approval Hearing. ¶8(a). The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. *See* Bravata Declaration ¶9.

SCS identified 378 inadequately documented claims. Bravata Declaration ¶9(b). When claims were inadequately documented, SCS sent claimants deficiency notices advising them of the nature of their inadequacy and providing them an opportunity to cure. *Id.* Of the 378 claims initially identified as deficient, 231 have been successfully rectified and are now considered valid. *Id.* Each of the remaining 147 deficient claimants either did not respond to the deficiency notice or responded with insufficient documentation. *Id.* These claimants were sent a rejection notice explaining the reason(s) for their rejection. *Id.* To date, none of these 147 rejected claimants has objected to or contested SCS's determination. *Id.*

In addition, SCS identified 16,694 claims that it has recommended for complete rejection. Bravata Declaration ¶9(c). Such claimants were sent rejection notices advising them of SCS's determination. *Id.* To date, none of these 16,694 ineligible claimants has objected to or contested SCS's determination. *Id.*

### B. Properly Documented Claims

SCS identified 13,726 properly documented valid claims that were received on or before February 16, 2019. Bravata Declaration ¶9(a). These valid claims represent total Recognized Losses of $67,204,978.35. *Id.* Of these valid claims, 69 were filed late.

The Court should accept all late but otherwise valid claims postmarked after January 9, 2019 but received by SCS on or before February 16, 2019, because the untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund to the Class, or otherwise prejudiced any Authorized Claimant. *Id.*; *See In re "Agent Orange" Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims."); *see also In re Crazy Eddie Securities Litigation*, 906 F.Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds).

Plaintiffs respectfully request that the Court approve the 13,726 properly documented claims as listed in Exhibits B-1 and B-2 of the Bravata Declaration.

**C. Claim 1331**

Claimant 1331 disagrees with SCS's administrative determination concerning his claim. Bravata Declaration ¶9(d). Section F of the Plan of Allocation states that for shares held through the close of trading on November 19, 2014, the recognized loss is $2.73; **or** the purchase price (excluding all fees, taxes and commissions) minus the average closing price of the shares during the 90 day period following the Class Period, which is $11.41. *If this calculation results in a negative number, the recognized loss per share is $0. See Notice* (Dkt. No. 190-2), at p. 5, ¶2.(f); Bravata Declaration ¶9(d) (emphasis added). Consistent with the Plan of Allocation, the

Recognized Loss is the lesser of the two amounts in the above sentence. *See Notice* (Dkt. No. 190-2), at p. 5, ¶2.  Claimant 1331 purchased a total of 1,131.57 of OZM shares during the Class Period. Bravata Declaration ¶9(d), Exhibit C. However, 972 of those shares were purchased for less than $11.41 per share.  *Id.*  Because "losses" associated with those 972 shares result in a negative number, the Recognized Losses for those 972 shares per the Plan of Allocation is $0. *Id.* Accordingly, SCS determined that Claim 1331 was accepted for 159.57 shares and ineligible for 972 shares.  *Id.*

Plaintiffs respectfully request that the Court approve SCS's administrative determination concerning Claim 1331.

### III. DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Stipulation and the Plan of Allocation authorized by the Court's Final Judgment, "[t]he Claims Administrator shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund [ ] to Authorized Claimants."  *See* Stipulation at p. 23, at ¶6.1.

If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refund, uncashed checks or otherwise), the Claims Administrator, under the supervision of Class Counsel shall, if feasible, reallocate such balance among authorized claimants in an equitable and economic fashion.  *See* Stipulation, p. 25-26, ¶6.4 Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to such not-for-profit organization as the Court may direct and approve. *Id.*

### IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court decide the within motion on the papers and approve and enter the [Proposed] Order concerning distribution of the Net Settlement Fund.

Dated: July 26, 2019                              Respectfully submitted,


*/s/ Sara Fuks*
**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
Sara Fuks
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: sfuks@rosenlegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman
600 Third Avenue, Floor 20
New York, New York 10016
Phone: 212-661-1100

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181

*Class Counsel for Class Representatives and the Class*